, ANNA M. RENTER v. ANDREW BAUER, *Ex'r. &c.*            |d71 4 503, 401,

### *Error from Leavenworth County.*

The act of February 27th, 1860, [Laws of 1860, p. 172, sec. 22,] repealed the provisions of the act of Feb. 3d, 1859, relating to executors and administrators," [Comp. L., p. 546, sec. 232, *et seq.*,] and the act of 1860 was repealed by the act of March 6th, 1862. [*Comp. L.*, 81.]

Section 16 of Article 2 of the State Constitution, prohibits the construction that the repeal of the act of 1860 by the act of 1862, operated to revive the act of 1859.

The plaintiff in error filed her petition in the Probate Court of Leavenworth county on Dec. 2d, 1865, asking a revocation of letters testamentary issued under her deceased husband's will to defendant in error, which petition was by the Probate Court found true, and on the 9th day of Dec. 1865, the prayer granted. The defendant in error appealed from that decision to the District Court of that county, following therein sections 232 to 235 Comp. L., 546.

On the 9th day of June 1866, the plaintiff in error moved the District Court to strike the case from the docket and the paper-files, and to dismiss the appeal on the grounds substantially:

1st. Because the District Court has no jurisdiction.

2d. Because no appeal lay in such a case.

On the 30th day of June 1866, the District Court overruled the motion, to which ruling the plaintiff in error excepted and brought the case up on a case made.

*Clough & Wheat,* for plaintiff in error, submitted:

Sections 232 *et seq.* of the act of 1859, were repealed by sections 18 and 22 of act of 1860, Laws 1860, pp. 170, 172. These sections (18 and 22) of act of 1860, were repealed by section 1 of act of 1862. (*Comp. L.*, 82-83.)

The repeal of the sections of the act of 1860 by the law of 1862, did not revive the sections of the act of 1859, (secs. 232, *et seq.*,) because such construction would violate section 16 of article 20 of the constitution. *Sedg. Stat. Construc.*, 124-5-6, 131; 5 *Pick.*, 168-9; 12 *Mass*, 545; 1 *Hill*, 324, 332; 11 *Pick.*, 350; 8 *Maine*, 303.

That an appeal cannot be taken from an order of Probate Court to the District Court in absence of a statute expressly allowing the same, *see* 13 *Ill.*, 637; 7 *How. Pr.*, 191.

*F. P. Fitzwilliam*, for defendant in error, referred as sustaining the right to the appeal to sections 232-33-34-35, 237-38, Executors and Administrator's Act, Comp. L., 1862, p. 546, which took effect Feb. 30th, 1859.

On the same day of the passage of the act of 1860, repealing the act of 1859, section 21 of this act of 1860, was repealed, (Chap. 99 L. 1860, 172,) and in 1862, (Comp. Laws, 83).

The construction that the repeal of a statute does not revive a statute previously repealed, shall not be observed when such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context. *Comp. L.*, secs. 1, 8, 37.

Then we claim that the Executor's Act of 1859, continued in force till Kansas was admitted into the Union, and by the state constitution is still in force. *State Con.*, sec. 4, schedule.

Again, if repealed as it is claimed, the act was revived or re-enacted. *Comp. L.*, 664-67.

And the act has been recognized as in force from frequent amendments having been made to it. *Laws* 1864, 106; *Laws* 1866, p. 105.

*By the Court*, CROZIER, C. J.

The appeal in this cause was sought to be taken under sections 232 *et seq.* of the act concerning executors and ad-

ministrators, approved Feb. 3d, 1859. (*Comp. L., p.* 546.) It therefore becomes necessary to determine whether those provisions are still in force.    In 1860 the legislature passed an act upon the subject of appeals from the Probate Court, which was intended to and did cover the whole subject, and the 22d section of which repealed expressly all laws in conflict therewith.    There being some difference in the mode of appeal provided by the two statutes, the latter became the only law in force.    The act of 1860 was directly and effectually repealed by the act of March 6th, 1862. (*Comp. L., p.* 81.)    After which, there remains no law upon the subject, unless the repeal of the act of 1860 operated to revive the act of 1859.    Such a construction is positively prohibited by section 16 of article 2 of the constitution.    It is in these words : " No bill shall contain more than one subject which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed."    This language is clear and explicit, and this court is bound to give it effect.

If the legislature did not deliberately intend to abolish appeals from the Probate Court, it is to be regretted that it was not more careful in its action upon the subject. But whether the present condition of the law is the result of oversight or deliberate intention, this court is bound to administer it as it finds it.    The act of 1859 cannot be considered revived without doing violence to the plain letter of the constitution, which we have neither the disposition nor the rightful power to do.

The judgment must be reversed and the cause sent back with instructions to the District Court to sustain the motion to dismiss the appeal.

All the justices concurring.