DAVID R. BARRETT *v.* MINERVA E. JOHNSON.

*Error from Jefferson County.*

Where an order of probate court, making distribution of an estate, made February 5, 1867, was appealed to the district court on the same day, *Held* that at that time no appeals were allowed from the probate court. [3 Kans., 503.] The law of 1867, [L., 1867, pp. 6–8], providing for an appeal of this class of cases, is not retroactive. Appeal dismissed.

This is a proceeding in error to reverse a judgment, or order, of the district court of Jefferson county, dismissing an appeal taken by plaintiff in error, to that court, from an order of the probate court of that county, making distribution of the estate of George Barrett, deceased. This order of the probate court was made, and appeal taken, before the passage of the act of 1867, allowing appeals from decisions of the probate court. Exceptions were preserved, and the case brought to this court for review.

*L. McArthur*, for plaintiff in error.

*Clough & Wheat*, for defendant in error.

*McArthur* contended:

That the appeal was taken from a court of limited jurisdiction to one of general jurisdiction, to which appeals lie from inferior courts. An appeal as a constitutional right. (*Art.* 3, § 10 *Const., Comp. L.*, 58 ; 3 *Kans.*, 54, 78.) It was authorized by §§ 232 and 233 of the act of February 3, 1859, which was in full force at the time of the appeal. *Comp. L.*, 546.

If it is claimed that these sections of the law of 1859 were repealed by sections 18 and 22 of the act of 1860 (*Comp. L.*, *p.* 170), which, in turn, were repealed in 1862 (*Comp. L.*, 83), and that no statute was left to sustain the appeal, it is submitted:

The law of 1860 was intended to confer a kind of "common pleas" jurisdiction on the probate court of Leavenworth and other counties (*see* §§ 1 and 20), and by its own terms never became a law as to repeal the law of 1859 as to Jefferson county, which was not included in the law of 1860. (§ 4 *Const.*, 140 ; 10 *Ohio S.*, 447.) By the 20th and 21st sections of this act of 1860, sections 4 to 7, the leading sections of the act were to have no force unless congress conferred civil jurisdiction on probate courts, or unless the Supreme Court decided that such jurisdiction had been conferred, neither of which events ever happened. The Supreme Court decided adverse to such jurisdiction in McCarly *v.* Lochnane. Sections 4 to 7 having failed to become law, the remaining ones, depending for force upon these leading one, are inoperative. *See* 14 *Md.*, 184 ;

13 *id.*, 279 ; 33 *Ala.*, 674 ; 35 *Miss.*, 17 ; 5 *Mass.*, 380 ; 21 *Pick.*, 377 ; 1 *id.*, 33.

Laws of the same import are not inconsistent, and no appeal by implication is effected.   10 *Ohio*, 178 ; 10 *O. S.*, 25, 437, 441 ; 2 *id.*, 607, 609, 612 ; 2 *id.*, 612 ; 2 *Greene*, 270 ; 3 *id.*, 259.

No part of the law governing proceedings in probate was repealed.   16 *Md.*, 1; 3 *Greene*, 255 ; 2 *id.*, 270 ; 10 *O.*, 178 ; 2 *O. S.*, 610 ; 16 *Pick.*, 363.

The order of dismissal was erroneous, for the reason that nothing appeared upon the record to show that $2,000, or less, was involved, as to bring the case within the provisions of the law of 1860, and hence within the law repealing that act.

The provisions of the constitution, granting appeals in cases of this class, cannot be abrogated by any legislative enactment, nor omission to act.   *Art.* 3, § 10, *Const., Comp. L.*, '58 ; 18 *Ind.*, 130 ; 20 *id.*, 15 ; 7 *Cal.*, 128 ; 3 *Kas.*, 54, 78 ; 3 *O.*, 574.

A general repealing clause does not go into effect before the balance of the act.   8 *Ind.*, 490.

The only point seriously contested in Renter *v.* Bauer (3 *Kas.*, 503), was whether the repeal of a repealing law revived the law first repealed.   The point we make in this case, that the act of 1860 did not repeal the law of 1859, was not made in that case, but conceded.

The following rules of interpretation of statutes and cases were referred to and applied to the foregoing proposition :

The object expressed in the title should be kept in view.   14 *Ind.*, 184; 33 *Ala.*, 674 ; 35 *Miss.*, 17; 13 *Ind.*, 279 ; 5 *Mass.*, 380 ; 21 *Pick.*, 77; 1 *id.*, 33.

Whenever a supplemental act is passed on the same day of the act added to, the supplemental act governs.

8 *Fla.*, 276 ; 35 *Miss.*, 25 ; 36 *id.*, 572, 669 ; 10 *Cal.*, 189, 45.

Contemporaneous construction may be resorted to. 3 *Kas.*, 54, 78 ; 3 *O.*, 140, 155, 55, 35.

Such construction is as reliable as legislative construction. 9 *Ind.*, 526 ; 2 *Greene*, 275.

The letter must be specially resorted to, in seeking the intention. 10 *Ind.*, 268, 322 ; 6 *Ohio*, 348.

Doubtful statutes must be construed favorable for the promotion of remedies. *Frazer* v. *Warfield*, 13 *Ind.*, 279 ; 14 *Md.*, 184.

*Clough & Wheat*, for defendant in error, submitted :

The law of 1867 has nothing to do with this appeal, as the matter had, before the passage of that law, merged in a judgment of the probate court, conclusive between the parties, until reversed by proceedings in error, as allowed by the law in force when the judgment of the probate court was rendered. This law does not attempt to allow appeals from decisions made before its passage. *L.* '67, *pp.* 6, 7, 8.

A law will not be construed as retrospective or retroactive in its operation, unless necessary, from the language used ; and the legislature cannot, by legislation, disturb vested rights which the successful party had in and to the judgment in the probate court, by allowing an appeal therefrom, after it had become conclusive. 4 *Hill*, 140 ; 11 *Minn.*, 496–499 ; 15 *Ill.*, 123 ; 18 *id.*, 502 ; 37 *id.*, 82 ; 13 *Mich.*, 330.

Appeals from decisions of the probate court were not allowed at the time said judgment or order of distribution of the probate court was rendered, nor when said appeal was taken from the probate court of Jef-

ferson county to the district court of said county.
*Renter* v. *Bauer*, 3 *Kas.*, 503, *and cases there cited*.

*By the Court*, KINGMAN, C. J.

This is a proceeding in error to reverse a judgment
of the district court of Jefferson county, dismissing an
appeal taken by plaintiff in error to that court, from
an order of the probate court, making distribution of
the estate of George Barrett, deceased.

The order of the probate court appealed from was
made on the 5th day of February, 1867. At that time
no appeals were allowable from the probate court.
*Renter* v. *Bauer*, 3 *Kans.*, 503.

Subsequently a law was passed, and became in force,
by publication, on the 7th day of March, 1867, allow-
ing appeals from the probate court in this class of
cases. This law granting appeals is not retroactive in
its terms, nor can it be construed to be so, in fact, with-
out doing violence as well to its language as to the
rule that laws will not be given a retroactive effect un-
less the terms thereof are unmistakably intended to
have that effect.

Sec. 2 of that act shows the contrary by making it
necessary that the appeal should be taken at the term,
or within ten days of the time of making such de-
cision.

A compliance with this requirement would be im-
possible in most cases that had been previously tried,
as it would be in this case, more than a month having
elapsed after the decision before there was any law
authorizing appeals.

The steps taken to obtain an appeal were unauthor-

ized by law, and void. The appeal was, therefore, properly dismissed.

All the justices concurring.