### WALLACE v. BRADSHAW.

Under the constitutional provision that "no law shall be revived or amended by reference to its title only, but the act revived or the section or sections amended shall be inserted at length," the repeal by reference to its title only of an act repealing a prior act will not revive the former act.

|  |  |
|---|---|
| 53 | 315 |
| 55 | 118 |
| 53 | 315 |
| 56 | 339 |

On *certiorari* to the Gloucester Pleas.

Argued at November Term, 1890, before Justices DEPUE and SCUDDER.

For the plaintiff in *certiorari, Thomas E. French.*

*Contra, David J. Pancoast* and *Martin P. Grey.*

The opinion of the court was delivered by

DEPUE, J. This was an action brought by Wallace, as overseer of the roads of the township of Woolwich, in the county of Gloucester, against Bradshaw, an inhabitant of said township, to recover the penalty prescribed by the fifty-third section of the Road act. *Rev., p.* 1006.

By section 38 it is made the duty of the overseer of high-
ways to hire laborers and horses, wagons, &c., to open, work
and repair the highways, and by section 39 the money neces-
sary to defray the costs and expenses thereof is required to be
raised by a tax, the same as other township taxes are levied
and raised. *Rev.*, *p.* 1003. By section 51 it is made lawful
for the inhabitants of a township to determine, by a vote at
town meeting, whether they will work and maintain their
highways by hire, as is provided by the thirty-eighth section,
or by labor; and if the township elect to maintain their high-
ways by labor, the overseer, by section 52, is required to warn
out the inhabitants to work on the highways accordingly;
and by section 53, any inhabitant who, after two days' previous
notice, neglects and refuses to appear and work, is made lia-
ble to a penalty, to be recovered by the overseer and applied
to the working and repairing the highways, &c. The power
to call out the inhabitants to work on the highways, con-
ferred by section 52, and the penalty imposed by section 53,
apply only to townships which have elected to work and
maintain the highways by labor. The township of Woolwich
elected to work and maintain its highways by hire, and this
action cannot be maintained in virtue of the fifty-third section
exclusively.

To support the action the plaintiff relies upon section 56,
which enacted that in case any township which shall have
elected to work and maintain its highways by hire shall
neglect or refuse to raise and furnish sufficient moneys there-
for, in that case it shall be the duty of the overseer to work
and repair the highways in the same way as is prescribed to
the overseers in those townships which shall elect to maintain
their highways by labor.

The fifty-sixth section was repealed by the act of March
23d, 1883 (*Pamph. L.*, *p.* 165), and thereafter, in road dis-
tricts which had not elected to work and maintain the roads
by labor, the overseer had no power to call out the inhabitants
to open and work a public highway. *Warner* v. *Reading*, 17
*Vroom* 519. This suit was brought in August, 1890, for a

default occurring the preceding May, and after section 56 was repealed.

The repealing act of 1883 is entitled "A supplement to an act concerning roads," approved March 27th, 1874. It repealed section 56 by its section number, setting out also the section at length. March 11th, 1885, the legislature passed an act entitled "An act to repeal an act entitled 'A supplement to an act concerning roads,' approved March 23d, 1883." The enacting part of the latter act is in these words: "That an act of the legislature of this state entitled 'A supplement to an act entitled "An act concerning roads," approved March 27th, 1874,' which act was approved March 23d, 1883, be and the same is hereby repealed." *Pamph. L.* 1885, *p.* 90. This act contains no reference to the fifty-sixth section of the General Road act, except by the title of the repealing act of 1883. The question is, whether this legislation, in view of the constitutional restriction, can operate to revive and restore the fifty-sixth section.

The constitution puts no restriction upon the power of the legislature to repeal, nor does it prescribe any method in which that power shall be exercised. A prior statute may therefore be repealed by any form of legislation which by the common law was sufficient for that purpose—as, for instance, by a reference to the act proposed to be repealed by its title. It is also a rule of the common law that the unqualified repeal of a repealing statute will revive the original act. *Maxw. Stat.* 376 ; *Sedgw. Stat. & Const. L.* 116. This common law rule was a rule of construction founded upon the presumption that parliament, by the repeal of a repealing act, intended to restore the original act, and applied to a legislative body that was in all respects supreme and untrammeled by constitutional restrictions with respect to the mode in which its sovereign power of legislation should be exercised. It is also a rule universally adopted under like circumstances in the courts of this country. The problem for consideration is, whether this rule is in force in jurisdictions in which the power of the legislature to revive an act which has been

annulled by its repeal is restrained by constitutional limitation.

In paragraph 4, section 7, article IV., of the constitution as amended, it is ordained that "No law shall be revived or amended by reference to its title only, but the act revived or the section or sections amended shall be inserted at length." The act of 1885 makes no reference to the section repealed, except by the title of the repealing act. If it had gone further, and expressly declared that the section repealed should be revived, without inserting its provisions at length, the act would have been invalid within the letter of the constitutional prohibition. In passing upon the constitutionality of legislative acts, the courts regard the substance of the legislative provision, giving only a secondary consideration to the form in which it is expressed. *Rutgers* v. *New Brunswick*, 13 *Vroom* 51. In this constitutional provision the revival of and amendment of prior statutes are placed under the same regulation. The object in each instance was to prevent vicious or unjust legislation under covert means. As was said by Mr. Justice Van Syckel: "The mischiefs of the former practice were, that it required the labor of reference and comparison of statutes by legislators to enable them to understand the acts amended by reference to titles, and bills were often passed which would not have received legislative support if they had been understood." *Colwell* v. *Chamberlin*, 14 *Vroom* 387, 388. This observation applies with equal force to the revival of an act once repealed. Indeed, the effect of the act of 1885, if it be efficacious, is to amend the general act concerning roads by inserting in it a section which prior to that time had been expunged.

In the constitution the revival and amendment of statutes are put upon the same footing. The revival or amendment of a law by reference to its title is interdicted, but the constitutional provision goes further, and in express terms requires that the act revived, or the section or sections amended, shall be inserted at length. The last clause of this sentence prescribes the manner in which a statute shall be revived or amended,

by inserting the law to be revived or the section to be amended in words at length, substantially in the same manner in which statutes are enacted.

It is contended by plaintiff's counsel that the repeal of the act of 1883 by the act of 1885 being constitutional, it must have the effect of a law. The answer to that contention is, that the sole purpose of the latter act being to revive the fifty-sixth section of the act concerning roads, an act of that import, in the form in which that act of 1885 is expressed, cannot constitutionally have that effect, and that therefore it is a nullity. No law can be revived without inserting the law to be revived at length. In *Reuter* v. *Bauer*, 3 *Kan.* 503, it was held under a constitutional restriction that " no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended," that the repeal of an act which repealed a prior act did not revive the original act. It was contended by counsel that the constitutional prohibition should be of no avail when it would be inconsistent with the manifest intention of the legislature, or repugnant to the context of the repealing act. But the court said that such a construction was prohibited—that the language of the constitutional provision was clear and explicit, and the court was bound to give it effect.

The Court of Common Pleas gave judgment for the defendant, and its judgment, for the reason here given, is affirmed.