JOHN D. WALLACE, OVERSEER, &c., v. ALFRED A. BRAD-
SHAW.

JOHN D. WALLACE, OVERSEER, v. CHARLES P. BATTEN.

1. A road overseer, in a township where the inhabitants elect to work the
   roads by hire, cannot warn out the inhabitants of his district to work
   and labor on the roads when there is road money on hand available
   for the needs of the road.
2. Before the inhabitants can be warned or ordered out, there must be an
   apportionment made of the labor of the inhabitants of the township ·
   in the same proportion with the tax for the support of the government,
   pursuant to section 52 of the road act.

On *certiorari* in matter of road.

Argued at June Term, 1892, before Justices DIXON and
WERTS.

For the prosecutor, *Thomas E. French.*

For the respondents, *David J. Pancoast* and *Martin P.
Grey.*

The opinion of the court was delivered by

WERTS, J.    The prosecutor of the two writs of *certiorari*
was road overseer of district No. 1, in Woolwich township,
Gloucester county.    The respondent Bradshaw resided in dis-
trict No. 1.    The respondent Batten resided in district No. 2,
same township and county.

In the year 1887 a new road was laid out by surveyors of
the highways in the townships of Woolwich and Harrison,
Gloucester county, and subsequently the prosecutor was, by
writ of *mandamus,* commanded to open the road.    The por-
tion of the road in Woolwich township is wholly in district
No. 1.    The inhabitants of Woolwich township had elected
to work their roads by hire.

After service upon him of the *mandamus* the overseer served written notice upon each respondent, which, after reciting that the *mandamus* had issued and that Woolwich township "having neglected and refused to raise and furnish any money to make, clear out and open for public use that part of said road which is in said township," warned and called out each respondent to be at a designated point on said road, with a wagon and two horses, on April 24th, 1890, "at seven o'clock in the forenoon and to work with said wagon and two horses at the making, clearing out and opening for public use of the said part of said road the whole of eight hours of that day."

Both respondents ignored and disregarded the notice of the overseer, who thereupon brought separate suits against each of them before a justice of the peace, under section 53 of the act concerning roads (*Rev.*, *p.* 1006), demanding of each respondent the sum of $6, "to wit, for his neglect and refusal to appear and work, the sum of two dollars; for the absence of said wagon and two horses, four dollars, whereby," &c.

The trials before the justice resulted in a judgment against Bradshaw and for Batten. Both cases were appealed to the Gloucester Common Pleas, which court gave judgment in both cases against the overseer, and to reverse those judgments these writs of *certiorari* were brought.

The cases were before this court at the November Term, 1890, and the judgment of the Pleas affirmed. 24 *Vroom* 315. On writ of error to the Supreme Court, its judgment, which was rendered solely on a constitutional point, was reversed (25 *Vroom* 175) and the cases remitted to the Supreme Court " to be reheard upon the points raised by the defendants (Bradshaw and Batten) other than the one touching the repeal and review of the fifty-sixth section of the act concerning roads passed upon in the opinion of the court."

The right of the plaintiff to maintain the suits having been established by the last-mentioned decision, it is contended by the defendants that the judgment of the Common Pleas should nevertheless be affirmed upon the merits.

The test of the plaintiff's right to recover is whether the township of Woolwich had neglected or refused to raise and furnish to the overseer money sufficient for opening, clearing out and making the road in question. It is alleged in the states of demand that because of such neglect and refusal the overseer warned out the defendants, who refused, &c., and thereby became liable under section 53.

There is no proof of neglect or refusal of the township to furnish money, except that it appears that at the town meeting in 1890 a motion was made to vote the specific sum of $1,000 for opening this road, which was voted down. Whether any. other sum was voted specifically for opening the road does not appear, but at the same town meeting $250 was voted for road purposes in district No. 1, and it also appears that when the respondents were ordered out there was in the hands of the treasurer of district No. 1 $328.51 available for road purposes. How much would have been required for the opening does not appear. The $250 voted at the town meeting would be in the hands of the treasurer about October 20th, so that more than $500 was in sight that might have been applied to the opening of this road and which for anything appearing to the contrary would have been so applied and sufficient for the purpose. The overseer never applied for any portion of this money, nor ever presented any bill against the fund for work done on this road.

· By section 39 of the road act the moneys required for opening roads, &c., are to be raised by tax the same as other township taxes are levied and raised, and the townships are enjoined that they be careful to have money in hand ready to advance sufficient for such purposes.

Section 52 of the road act provides that the overseers of the highway shall *apportion* the labor of the inhabitants of the township in the same proportion with the tax for the support of government, and shall warn and call out the inhabitants to work on the highways accordingly. This was not done. The only proof of an apportionment or attempted apportionment was as follows:

"*Q*. How did you determine for what length of time and with what vehicles and horses Mr. Bradshaw should come out?

"*A*. By the tax duplicate."

Precisely the same question was asked and answer made in the Batten case.

That evidence does not disclose any apportionment at all. It should appear that one was made and how made.

Upon these two grounds, that there was money on hand for road purposes, available for opening this road, and that it does not appear that any such apportionment of the labor of the inhabitants of the township was made as required by the statute. (and without reference to other points discussed on the argu-- ment), the judgment of the Common Pleas in both cases is affirmed, with costs.