HUGH S. KINMONTH, RELATOR, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WALL, IN THE COUNTY OF MONMOUTH.

Submitted March 23, 1905—Decided June 11, 1906.

1. Under the General Road law of 1874 (*Gen. Stat.*, *p.* 2803, &c.), as amended by the supplement of 1891 (*Pamph. L.*, *p.* 137; *Gen. Stat.*, *p.* 2835), the duty of opening a public road that has been duly laid out (the assessments for damages having been paid) rests upon the township committee.

2. By the revision of the township laws in 1899 (*Pamph. L.*, *p.* 373, § 4; *p.* 428) the office of overseer of the highways was abolished, the duties of the office having been previously taken away by *Pamph. L.* 1891, *p.* 137; *Gen. Stat.*, *p.* 2835.

3. Where a public road has been duly laid out and the assessment for damages paid, it is the duty of the township committee to open the road, notwithstanding the inhabitants of the township have failed to provide money for the purpose. The committee is to call out the inhabitants to do the work, under section 56 of the General Road law (*Gen. Stat.*, *p.* 2818), having first apportioned the labor required among the inhabitants of the township according to the provisions of section 52 of the same act.

---

On *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GAR-BETSON and PITNEY.

For the relator, *Charles E. Cook.*

For the respondents, *Frank P. McDermott* and *Edwin P. Longstreet.*

The opinion of the court was delivered by

PITNEY, J.  The issue to be determined in this case is raised by relator's demurrer to a return made by the township committee to an alternative writ of *mandamus.*  The writ recites that on December 10th, 1900, six surveyors of the highways of the county of Monmouth laid out a certain public road in the township of Wall (particularly described in the writ), as appears by their return recorded in the county clerk's office; that the road was by them directed. to be opened on January 10th, 1901; that the legal voters of the township have duly voted, granted and raised the money necessary to open, clear out, make and work said road; that the damages assessed by the surveyors of the highways in laying out the same have been duly paid; and that, nevertheless, the township committee have refused, and still refuse, to open, clear out, make and work the said public road.  The writ commands the township committee to either open, clear out, make and work the said public road or show cause to the contrary.

The return contains the single averment that the legal voters of the township have not voted, granted and raised the money necessary to open the road, and that, on the contrary, the said voters, at an election held in the month of March, 1902, refused to grant and raise the money necessary for the purpose, and voted that no money be raised for new roads.

Relator demurs, and the respondents join in demurrer.

The question presented, therefore, is whether the duty rests upon the township committee to open the road, notwithstanding the legal voters have failed to provide funds wherewith to pay the cost.

The mode of laying out a public road is prescribed by the General Road law of 1874. *Gen. Stat., p.* 2803, &c. Upon application of ten or more persons, being freeholders, to the Court of Common Pleas, after notice by public advertisement, the court is required to appoint six surveyors of the highways of the county and prescribe a time and place for their meeting. The surveyors, having met and having determined to lay out a road, are required (section 5) to make a return thereof, giving a description of the road, and specifying, among other things, "the time when the overseers of the highways shall open the same, if a public road, for public use." This return is to be transmitted to the clerk of the Court of Common Pleas. If a caveat be entered by any person aggrieved, the court (section 8) is to appoint six of the chosen freeholders of the county, who are to view the road for the purpose of determining whether it is necessary and useful; but if no caveat be entered, or the freeholders shall not certify the road to be unnecessary, the proceedings of the surveyors shall be deemed valid and effectual, and the clerk shall, by order from the court, record the same; and every road so laid out and recorded shall be a lawful highway from the time appointed for the opening of the same. By section 19 it is provided that it shall not be lawful for the overseers of the highways to open for public use any road thus laid out until the amount of the assessment for damages be paid to the party entitled to receive the same.

Until its amendment by the supplement of 1891 (*Pamph. L., p.* 137; *Gen. Stat., p.* 2835), the act devolved upon the overseers of the highways the duty of opening, clearing out, working and repairing the public roads, their duties being prescribed by sections 37, &c. *Gen. Stat., p.* 2813. The moneys necessary for the purpose were to be granted by vote of the inhabitants of the township (section 39), with the option to any person assessed for road taxes to work out his tax by labor upon the highways (section 42). By sections 51 to 55 the inhabitants of the township were permitted to determine by vote whether they would work and maintain their highways by hire or by labor; and if they made the

latter choice the township committee divided the highways into convenient districts and apportioned the inhabitants to work on the highways accordingly. .By section 56, in case any township which elected to maintain the highways by hire should neglect or refuse to raise and furnish to the overseers of the highways money sufficient for the opening, clearing out, working, making, amending, remaining and keeping in good order the highways within their respective limits, it was made the duty of the overseers to do the work in the same manner as prescribed with respect to those townships that maintained their highways by labor—that is to say, by warning out the inhabitants for the purpose.

By section 49 it was made the duty of the overseer within whose division any highway was laid out to cause the same to be opened and all encroachments to be removed. '

By the supplement of 1891 (*Pamph. L., p.* 137; *Gen. Stat., p.* 2835), it was enacted that the township committee of each township should have the full supervision, management and control of the making and repairing of all roads in the township, and that thereafter all taxes assessed for making and repairing roads should be paid in money. This act, without expressly abolishing the office of overseer of the highways, took away the duties of the office and imposed them upon the township committee. *Allen* v. *Hiles,* 38 *Vroom* 135, 137.

The election of overseers of the highways was formerly provided for by section 12 of the Township act of 1846. *Gen. Stat., p.* 3583. But in the revision of the Township law in 1899 (*Pamph. L., p.* 373, § 4), they were omitted from the list of township officers, and the Township act of 1846 was at the same time repealed. *Pamph. L.* 1899, *p.* 412, § 96.

We observe that by "An act to increase the powers of township committees," approved March 11th, 1880 (*Pamph. L., p.* 199), township committees were, among other things, authorized to exercise, either in connection with the overseers of highways or independently, the same powers and authority then vested by law in overseers of the highways, to cause any

highway to be opened, according to the provisions of section 56 of the General Road law of 1874; and by a supplement of May 9th, 1884 (Pamph. L., p. 319), township committees were empowered to exercise, either in connection with the overseers of highways or independently, all the powers given to overseers under section 49 of the General Road law in opening public highways. We observe, also, that in the revision of the township laws in 1899 this act of 1880, and its supplements, were repealed. Pamph. L. 1899, p. 415. But in the meantime the supplement of 1891 to the Road law had been passed (Pamph. L., p. 137), which, as already shown, conferred upon the township committees the full supervision, management and control of the making and repairing of all roads in the township, leaving the overseers of the highways without functions to perform, and accomplishing all, and more than all, that was accomplished by the acts of 1880 and 1884 with respect to transferring the care of the roads to the township committee. From this it is plain that the repealer of 1899 of the act of 1880, and its supplements (leaving the Road law supplement of 1891 unrepealed), was not intended to take from the township committee their control of the roads.

It is worthy of note that while the revised Township act of 1899, in enumerating the officers to be chosen by the inhabitants at their township elections (Pamph. L. 1899, p. 373, § 4), omitted overseers of the highways, which had been formerly elected under Gen. Stat., p. 3583, § 12, it likewise omitted surveyors of the highways, who, as already mentioned, are the officers in whom is reposed the function of laying out highways. But by a supplement to the Road law that was approved on the same day with the revision of the Township law (Pamph. L. 1899, p. 428), provision was made for the election of surveyors of the highways, while no similar provision was made for the election of overseers. Upon the whole, therefore, the legislative intent is clear to leave the machinery for laying out highways unimpaired, and to leave with the township committee the duty of opening the same, where it was placed by the Road law supplement of 1891.

Can the committee be required to open a new road, duly laid out pursuant to law, where the inhabitants have granted no money for opening it?

The Road law of 1846 (*Rev. Stat., p.* 515) contained provisions respecting the laying out, opening, working and repairing of roads and the duties of the overseers of the highways in the premises that were not materially different, so far as the present point is concerned, from the provisions of the Road law of 1874. In *State, ex rel. Whitenack, v. Township of Bernards,* 10 *Vroom* 60, where a road had been laid out under the act of 1846, and afterwards the inhabitants, at their town meeting, had refused to order moneys to be raised for the purpose of opening it, and no funds were at their disposal which could properly be appropriated to this purpose, it was held that *mandamus* would not lie to require the township committee to divert moneys voted for the repair of old roads to the laying out of the new road, and that the overseer could open it by warning out the inhabitants.

In *Warner* v. *Reading* (1884), 17 *Vroom* 519, application was made to this court for a *mandamus* to command an overseer to open and work a highway newly laid out. It appeared that he had not sufficient money in hand for the purpose, and resort was sought to be had to section 56 of the Road law of 1874, so as to compel him to warn out the inhabitants. Justice Magie said: "If this section (56) remains in force, a *mandamus* to compel the overseer to exert the power thus given him ought to issue." The application was denied only because of the repealer of the section by *Pamph. L.* 1883, *p.* 165. But since this decision the repealer has itself been repealed. *Pamph. L.* 1885, *p.* 90; see *Gen. Stat., p.* 3820, *tit. "Roads."* This repealer had the effect of reviving section 56, as was held by the Court of Errors and Appeals in *Wallace* v. *Bradshaw,* 25 *Vroom* 175; *reversing, S. C.,* 24 *Id.* 315.

In our view, it is the duty of the township committee, having no funds in hand for hiring necessary labor, &c., to perform the work of opening the road by calling out the inhabitants of the township for the purpose, first apportioning the labor required among the inhabitants "in the same proportion

with the tax for the support of government," as required by section 52 of the Road law. *Gen. Stat., p.* 2817; see *Wallace* v. *Bradshaw,* 26 *Vroom* 117; *affirmed,* 27 *Id.* 339. The averment contained in the present writ of *mandamus,* to the effect that the legal voters of the township have voted the money necessary to open the road in question, is thus shown to be an immaterial averment, properly to be treated as surplusage. Respondents, in traversing this alone, have not proffered a legal excuse for failing to perform their duty in the premises.

The relator is entitled to judgment on the demurrer.