## RICE vs. FLOYD.

A final judgment was rendered in the supreme court in May, 1848, before the code took effect. After the code took effect, an appeal was brought according to its provisions. *Held*, that the judgment could be reviewed only by writ of error according to the old law. Appeal dismissed.

*A. B. Ketcham*, for the respondent, moved to dismiss the appeal. Floyd sued Rice before a justice of the peace, in August, 1847, and judgment was rendered for the defendant. On certiorari, the common pleas reversed the judgment. Rice then brought a writ of error, and the supreme court *in May last* affirmed the judgment of the C. P. Rice *appealed* to this court in *November last*, in the form and manner prescribed by the code.

*N. Hill, Jr.* for the appellant, opposed the motion.

BRONSON, J. The judgment of the supreme court was rendered before the code of procedure took effect; and we have already held, that the review should have been sought under the old law, and not under the new, which has nothing to do with the case. (*Mayor of N. Y.* v. *Schermerhorn, ante, p.* 426; *Spalding* v. *Kingsland, id.* 429.) But as it has been suggested that those cases do not necessarily decide the precise point made by this motion, and as it is possible that we may have fallen into an error in the first essay at expounding the new system, I have been induced to re-examine the question; and am confirmed in the first opinion.

The 271st section of the code abolishes the old mode of reviewing judgments and decrees, and substitutes the new machinery in its place. But the section relates only to actions *commenced after the code took effect;* (§ 8;) which was the first day of July last; (§ 391;) and this action was both commenced and ended before that time.

This brings us to the 2d section of the supplemental code, which took effect at the same time with the code; (§ 18;) and

Rice *v.* Floyd.

by which the provisions of the code, contained in the 271st and certain other sections, were applied to *future* proceedings in suits *pending* when the code took effect. This suit was not pending on the first of July—it had been terminated in the preceding May ; and of course there has been no proceeding in the suit since the first day of July to be reviewed. Thus far it is entirely clear that the code says nothing about this case. The third subdivision of the 2d section, which speaks of the 271st and certain other sections in connection with the review of judgments and decrees "from which no writ of error or appeal shall have been already taken," furnishes ground for an inference in favor of applying the specified sections to the review of judgments rendered before the first of July, as well as those which should be rendered after that day. But the third and all the other subdivisions of the section, are subordinate to, and qualified by, the general clause at the beginning ; and if the language was as explicit one way in the subdivision, as it is the other way in the general clause, the latter would prevail ; because it is the superior or most important part of the section. It is the trunk on which all the branches depend. And the case is still stronger when we reflect that the inferior clause of the section furnishes nothing more than an inference, while the superior or general clause has express and unequivocal words, limiting the application of the section to proceedings *after* the first of July in suits *pending* on that day. We think the question has been properly settled, and that the code has nothing to do with the case. If a review of the judgment is desired, it must be had by writ of error, and not by appeal. The 11th section of the code does not stand in the way, for it only affects determinations "hereafter made;" that is to say, made after the code took effect.

Appeal dismissed.