PRITCHARD *v.* SPENCER.

Courts will give statutes a prospective operation where there is nothing indicating a different intention on the part of the legislature.

The legislature has power to enact retrospective limitation laws where they do not deprive parties of a reasonable time for prosecuting their claims before being barred.

The statute of limitations of 1843 is retrospective in its operation.

*Tuesday,*
*May 27.*

ERROR to the *Allen* Circuit Court.

PERKINS, J.—This was an action of assumpsit commenced in *June*, 1848. The declaration contained a count for goods sold, &c. To that count the defendant pleaded that he did not promise within six years. The plaintiff replied that the demand claimed in said count was due upon a running account between the parties as merchants. A demurrer was sustained to this declaration, and, as to said count, the defendant had judgment. This is the error complained of.

Prior to the Revised Code of 1843, there was no statute of limitation in this state upon running accounts between merchant and merchant, and it is insisted that the provision in that code extending such a statute to those accounts is prospective only in its operation, and does not bar an action on such accounts till after the expiration of six years from its coming into force, which was in the spring of 1844; and whether this view is correct or not, is the only question in the cause. It is a well settled principle of law that Courts are to give statutes a prospective operation where there is nothing indicating a different intention on the part of the legislature which enacted the statutes. It is an equally well settled principle that the legislature may enact retrospective limitation laws where they do not deprive parties of a reasonable time for prosecuting their claims before being barred. *Ross* v. *Duval*, 13 Peters, 45.—*Patterson* v. *Gaines et ux.* 6 How. (U. S.) R. 550.—*Society, &c.* v. *Wheeler*, 2 Gall. 105.—*Wright* v. *Scott*, 4 Wash. 16.—*Platt* v. *Vatier*, 1 McLean, 146.—*Lewis* v. *Lewis*, 7 How. (U. S.) 776. The question that arises upon this limitation law is, then, not

one of legislative power, but of construction and legislative intention. What, then, was the intention of the legislature in enacting the limitation act under consideration? This Court has already, on one occaston, expressed its opinion in answer to this question. In *Winston* v. *McCormick*, *May* term, 1848, (1) it is said, "The defendant, in order to show his construction of the statutes to be right, says that suits on contracts made previously to the act of limitations of 1843, are unlimited unless the old act governs them; the act of 1843 being prospective only. But we do not agree to this. The language of the act of 1843 on the subject is not uniform. In one place, it is 'after the cause of action shall accrue;' in another, 'after the accruing of the cause of action;' in others, 'after the cause of action shall have accrued.' We suppose the legislature intended to embrace all cases, both before and after the taking effect of the act," &c.

It is true that *Winston* v. *McCormick* was a different case from the one now before us; but it was proper, in that case, that the Court should give a general construction to the limitation law, and it was done; and having been done, it is proper that we should adhere to that construction, for the sake of uniformity in opinion and decision, unless we are satisfied that that construction was clearly erroneous. We are not so satisfied. Nor is that construction unfortified by authority. The case of *Andrews* v. *Russell*, 7 Blackf. 474, giving a retrospective operation to the statute rendering valid usurious contracts, is one surely not better justified by the language of the law, than is *Winston* v. *McCormick*. *Fowler* v. *Chatterton*, 6 Bing. 258, was as follows: "Assumpsit for the agistment of cattle. The action was commenced in *Hilary* term, 1829. At the trial before *Best*, C. J., *Lincoln* lent assizes, it appeared that the debt was, at the time the action commenced, of more than six years' standing, but that in *February*, 1828, the defendant said to the plaintiff's brother, 'I owe your brother seven or eight pounds, and if I do, he shall have it; I wish that nobody should lose anything by me.' And at another

time, 'Your brother *Ned* wants seven or eight pounds from me: we must settle it. Nobody shall lose by me.'" The jury held this to be a promise to pay.

On the part of the defendant it was objected, that by the 9 G. IV. c. 14, which passed *May* 9th, 1828, but by section 10, was to commence and take effect on the first of *January*, 1829, it is enacted, "that in actions of debt, or upon the case, grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of the said enactments, (statute of limitations, 21 Jac. I. c. 16,) or either of them, or to deprive any party of the benefit thereof, unless such acknowledgment or promise shall be made or contained by or in some writing, to be signed by the party chargeable thereby."

This enactment, after having undergone much elaborate discussion, as we are informed in a note to *Ansell* v. *Ansell*, 3 C. & P. 563, by the reporter, was held, in the Court above, to have a retrospective operation, and to defeat said action.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Brackenridge*, for the plaintiff.

*E. A. McMahon*, for the defendant.

(1) See 1 Carter's Ind. R. 56.