Dale *et al. v.* Frisbie *et al.*

---

.DALE ET AL. *v.* FRISBIE ET AL.

REAL ESTATE.—*Action to Recover.*—*Pleading.*—*Evidence.*—In an action to recover the possession of real estate, all defences are admissible under the general denial.

SAME.—*Statute of Limitations.*—*Not Retroactive.*—It is the general rule in this State, in regard to a statute of limitations, that, where it contains no proviso saving rights of action accrued prior to its passage, and is not by its own terms expressly retroactive, such rights of action will not thereby be barred until a reasonable time has elapsed after its passage.

SAME.—*Tax Title.*—*Recovery of Land Sold for Taxes.*—In an action commenced February 13th, 1875, to recover the possession of real estate from one claiming it under a tax sale thereof made February 1st, 1869, the defendant pleaded the statute of limitations of December 21st, 1872, 1 R. S. 1876, p. 127, sec. 250.

*Held,* on demurrer, that the answer is insufficient.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler, W. M. McCarty* and *W. C. Forrey,* for appellants.

*B. F. Claypool,* — *Claypool* and *J. C. McIntosh,* for appellees.

BIDDLE, C. J.—Action to recover the possession of certain lands.

The appellees in this case are the same persons as the appellees in the case of *Helm* v. *Frisbie, ante,* p. 526. They claim title as the heirs at law of Orrin Frisbie; the appellants claim title under the will of Orrin Frisbie, from Ursula Frisbie, his wife and devisee. As far as the title is thus derived from Orrin Frisbie, either by the appellants or appellees, this case is the same as the case of *Helm* v. *Frisbie, supra,* wherein we held that the title of the heirs at law of Orrin Frisbie was superior to that derived from Ursula Frisbie, the devisee; but the appellants, in the present case, also claim title by a tax sale of the land in controversy made to Wilson T. Dale, one of the appellants, and under the statute of limitations.

Besides the general denial to the complaint, several special paragraphs of answer were filed, and various rulings had upon them, but no question is raised upon the pleadings, by assignments of error in this court; nor is this important, as the general denial was pleaded, under which all matters of defence might have been given. The appellants do not seem to rely on their tax title, and perhaps it is properly waived, as it lacks several requisites necessary to its validity. *White* v. *Flynn,* 23 Ind. 46; *Hunter* v. *The Burnsville Turnpike Co.,* 56 Ind. 213.

But they insist, that the title of appellee is barred by the statute of limitation; and this presents a more difficult question.

It appears by the evidence, which is all before us, that Wilson T. Dale purchased the lot in dispute at a sale for taxes, on the 1st day of February, 1869. This suit was commenced on the 13th day of February, 1875. On the 21st day of December, 1872, the Legislature enacted, that "No action for the recovery of real property

sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid (anything in the statutes of limitation to the contrary notwithstanding) : *Provided,* That where the owner of such real property, sold as aforesaid, shall, at the time of such sale, be a minor, insane, or under other legal disabilities, five years after such disability is removed, shall be allowed such person or persons, their heirs or legal representatives, to bring their suit or action for the recovery of the real property so sold." 1 R. S. 1876, p. 127, sec. 250.

At the time Dale purchased the property at the tax sale, there was no such statute of limitations in force, and the suit was commenced within a little more than two years after the statute took effect. Is the action barred by this statute ? This is the controlling question in the case.

It is doubtless within the power of the Legislature to enact a statute of limitations which shall have a retrospective effect, when it is so expressed in the act; and the general rule is, that the statute in force at the time the action is commenced shall govern ; but, when there is no proviso in the act saving rights of action accrued before its passage, they will not be barred by it until after a reasonable time has elapsed to allow the parties to bring their action thereon. This rule must be regarded as settled in this State. *Pritchard* v. *Spencer,* 2 Ind. 486 ; *Manchester* v. *Doddridge,* 3 Ind. 360 ; *The State* v. *Swope,* 7 Ind. 91 ; *The State* v. *Clark,* 7 Ind. 468 ; *Gimbel* v. *Smidth,* 7 Ind. 627. We are aware, that the case of *McEntire* v. *Brown,* 28 Ind. 347, presses against this rule, but it does not overrule it, and, upon a full review of all the cases, we think it is the true guide. In the section cited, there is no proviso saving rights of action accrued before its passage, and not barred by the former statute ; nor does it contain any words which give it a retrospective effect; we are at

liberty, therefore, to follow our rulings heretofore made in similar cases.

In our opinion, the title of the appellees was not barred by the statute in question.

The judgment is affirmed, at the costs of the appellants.