Smith *v.* Bryan.

———— ·•·• ————

No. 8202.

SMITH *v.* BRYAN.

REAL ESTATE.—*Sale for Unpaid Taxes.*—*Action to Recover and Quiet Title.*— *Statute of Limitation.*—An action brought in 1879 to recover possession of real estate sold for taxes in 1866, and to quiet the title, was too late under section 250 of the act of December 21st, 1872, 1 R. S. 1876, p. 127.

SAME.—*Where Time Allowed had Expired.*—A reasonable time must be allowed for instituting suit as to causes of action existing at the passage of such a law; and where the whole time allowed by the statute had expired before its passage, the statute did not apply until the time allowed by it had run.

SAME.—*Legal Disabilities.*—*Non-Residence.*—*State.*—*United States.*—The phrase "other legal disabilities," in the proviso of section 250, *supra*, does not embrace non-residence in the State, but, so far as it refers to absence, means "out of the United States." 2 R. S. 1876, p. 313, sec. 797.

SAME.—*Valid or Void Sale for Taxes.*— *Statute of Limitations Good Plea in Bar.*—Whether a tax sale was valid or void, a plea of the statute of limitations is a good defence to an action to quiet title, and, if sustained by the evidence, bars a recovery of possession, and the title of the party so barred can not be quieted.

SAME.—*Evidence.*— *Title.*—*Possession of Grantor.*—In an action to recover real estate, the plaintiff recovers on the strength of his own title, and not on the weakness of the defendant's title, and he must trace his title to the United States, or to a grantor in possession.

From the Tippecanoe Circuit Court.

*D. Walton*, for appellant.

*J. M. Larue* and *F. B. Everett*, for appellee.

BICKNELL, C.—This was an action to quiet the title to land, and to recover possession, with damages for detention. The complaint is in three paragraphs.

The first alleges the appellant's ownership, and that the appellee claims title adverse to appellant.

The second paragraph alleges the appellant's ownership, and a conveyance by him to James M. Bolton, during the adverse possession of the appellee, who claims title, etc.

The third paragraph states the appellant's ownership, and his conveyance to James M. Bolton, and that, at the date of said conveyance, the land was in the adverse possession of Robert Lewis, who conveyed the same to the appellee, who claims title, etc.

The complaint prays that the title may be quieted, and that the appellant may recover possession, with five hundred dollars damages, and all other proper relief.

Robert Lewis was afterward made a co-defendant on his own petition. There were pleadings as to him, and the appellee filed a cross complaint against him; and the court found that, as between him and the appellee, the appellee was the owner of the land; but Lewis did not join in the appeal, and is not a party to it, and he need not be further considered.

The appellee answered the complaint in two paragraphs:

First, the general denial; second, the statute of limitations, to wit, that the lands had been sold for taxes, and that the appellant's cause of action did not accrue within five years before the commencement of the suit.

The appellant demurred to this second paragraph of answer. The court overruled the demurrer, and this overruling is one of the errors assigned by appellant.

The statute provides that actions to recover real property sold for taxes must be brought within five years after the date of the sale for taxes. 1 R. S. 1876, p. 127, sec. 250. This act was approved December 21st, 1872, and took effect upon its passage. Acts 1872, pp. 57, 129. As to causes of action existing at the passage of such a law, a reasonable time must be allowed for instituting suit. *Pritchard* v. *Spencer*, 2 Ind. 486. And in cases where the whole time allowed by the statute had expired before its passage, the statute does not apply until the time allowed by the statute has run. *The State* v. *Clark*, 7 Ind. 468; *Dale* v. *Frisbie*, 59 Ind. 530.

In the present case, the last of the tax sales was on the 5th of February, 1866; the statute prescribing the limitation was approved December 21st, 1872; the suit was brought in 1879, more than six years after the passage of the law; a reasonable time had elapsed. The second paragraph of the appellee's answer was sufficient; the court committed no error in overruling the demurrer to it.

The appellant replied to the second paragraph of the appellee's answer, in two paragraphs. The first was in denial. The second averred that at the time of said sales for taxes, and for months before and ever since, the appellant was a non-resident of Indiana and a resident of the State of New York. The appellee demurred to this second paragraph of reply, and the court sustained the demurrer. The sustaining of this demurrer is the second error assigned by appellant.

The statute of December 21st, 1872, above referred to,

contains the following provision: "That where the owner of such real property, sold as aforesaid, shall, at the time of such sale, be a minor, insane, or under other legal disabilities, five years after such disability is removed, shall be allowed such person or persons, their heirs or legal representatives, to bring their suit or action," etc.

The phrase, "other legal disabilities," does not embrace non-residence. in the State. It is defined in the Revised Statutes of 1852, and it means "out of the United States," so far as it has reference to absence. 2 R. S. 1876, p. 313; Bauman v. Grubbs, 26 Ind. 419. The second paragraph of the reply, therefore, did not avoid the second paragraph of the answer, and the court committed no error in sustaining the demurrer.

The issues were tried by the court, who found for the appellee. The appellant moved for a new trial, because—

First. The finding was not sustained by sufficient evidence;

Second. The finding was contrary to law.

The court overruled the motion for a new trial, and rendered judgment upon the finding. The appellant assigns three errors, two of which have already been considered. The third is, that the court erred in overruling the motion for a new trial.

Where the statute of limitations bars recovery of possession, the title of the party so barred can not be quieted; it would be idle to quiet a title that could never be carried into possession. Dumont v. Dufore, 27 Ind. 263. In these actions the plaintiff recovers on the strength of his own title. The weakness of the defendant's title does not help the plaintiff. Huddleston v. Ingels, 47 Ind. 498. The appellant's evidence in this case does not trace his title to the United States, nor to any grantor in possession; therefore he could not recover. Huddleston v. Ingels, supra. But further, the appellant's evidence took the title out of him, if he ever had it. He introduced a deed from him-

Smith *v.* Bryan.

self to James Bolton. This deed, made by appellant while out of possession, was invalid against the party in adverse possession, and against all claiming under him ; but it was good between the parties. It authorized the grantee to bring ejectment against a mere stranger, in his own name, and it authorized the grantee to use the grantor's name in an action against the party in possession. *Steeple* v. *Downing*, 60 Ind. 478.

Under the foregoing authorities, the finding of the court in favor of the appellee, as against the appellant, was right, and the judgment of the court below in favor of the appellee, and against the appellant, ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below in favor of the said appellee and against said appellant be, and the same is hereby, in all things affirmed, at the costs of the appellant.

## ON PETITION FOR A REHEARING.

BICKNELL, C.—The petition alleges that "this court erred in sustaining the plea of the statute of limitations." The plea was good. 1 R. S. 1876, p. 127, sec. 250. There was evidence tending to sustain it, and showing that the lands intended to be sold, and actually sold for taxes and taken into possession by purchaser, and held by him and those claiming under him, for several years continuously next preceding the commencement of the suit, were the lands described in the complaint. Upon such evidence, it makes no difference, so far as the statute of limitations is concerned, whether the tax sale was valid or void. In either case, it was barred by the statute. But in this case the plea of the statute was superfluous, because the plaintiff's own evidence was insufficient to warrant a recovery. The petition for a rehearing ought to be over-ruled.

PER CURIAM.—Petition overruled.