Filed April 17, 1889.

------

No. 14,122.

## NIKLAUS ET AL. *v.* CONKLING.

STREET IMPROVEMENT.—*Assessment.—Construction of Statutes.*—Statutes conferring power upon municipalities to make assessments for street improvements must be strictly construed.

SAME.—*Quantity of Ground Affected by Assessment.*—The statute of 1881 (R. S. 1881, section 3163), authorizes cities to levy an assessment upon ground abutting on the improvement to a distance of fifty feet back from the front line, and no more can be affected.

VOL. 118.—19

SAME.—*Act of 1885 Not Retrospective.*—The act of 1885 (Acts of 1885, p. 207), relating to street improvements, does not enlarge the lien of a contractor where the work was completed and a sale had upon a precept prior to the passage of such act.

STATUTE.—*Construction.*—*Prospective Operation.*—*Legislative Intention.*—Unless a contrary intention clearly and strongly appears, and is manifested in appropriate words, a statute will always be given a construction that will make it operate prospectively, where to do otherwise would materially change existing rights.

From the Jennings Circuit Court.

*J. G. Berkshire* and *G. F. Lawrence,* for appellants.

*A. G. Smith,* for appellee.

ELLIOTT, C. J.—The appellee instituted this action to enforce an assessment for a street improvement made under a contract entered into prior to the 24th day of November, 1882. The work under the contract was completed in November, 1882, estimates were made and approved, and precepts were issued on the assessment, directing the sale of a strip of the appellant's ground fifty feet in width. On one of these precepts a sale was made, and the strip bid in at the sale by the appellee, on the 28th day of November, 1883.

At the time the proceedings we have mentioned were had, the act of April 14th, 1881, was in force, and in it, among others, was written this provision concerning the lien of assessments for street improvements: " In all contracts specified in the last preceding section, the cost thereof shall be estimated according to the whole length of the street or alley, or the part thereof to be improved; * * and the city shall be liable to the contractor for so much thereof only as is occupied by public grounds of the city bordering thereon and the crossings of streets and alleys; and the owners of the lots * * shall be liable to the contractor for their proportion of the cost, in the ratio of the front lines of the lots owned by them to the whole improved line; and in making the assessments against such owners for the improvement, the ground shall be assessed across the ground fronting or immediately abutting

on such improvement, back to the distance of fifty feet from such front line, whether such ground be subdivided by platting or conveyance or in any other manner." R. S. 1881, section 3163.

It will be observed that the general terms employed by the statute cover only the front line, but that the specific terms—those which expressly direct how the assessment shall be made, provide that the ground shall be assessed back to the distance of fifty feet from such front line. The authority to levy the assessment is purely statutory, and no other assessment than such as the statute prescribes can be made. *State, ex rel.,* v. *Ætna L. Ins. Co.,* 117 Ind. 251. As it is solely by virtue of the naked statutory power that cities have a right to levy an assessment, they can not levy it upon other property, or upon more property than the statute authorizes.

As the statute of 1881 authorizes them to levy upon fifty feet, they can not, under that statute, rightfully levy an assessment upon a greater quantity of ground.

Statutes conferring power to make such an assessment as the one before us are to be strictly construed. In cases like this, says the Court of Appeals of New York, the municipality " must produce express power therefor in legislative enactment, and must show that in its attempt to tax, it has strictly followed all the legal requirements." *Matter of Second Avenue Church,* 66 N. Y. 395. *Griswold* v. *Pelton,* 34 Ohio St. 482, is a case very like the present, and it was held that the assessment could not legally cover more ground than the statute designated.

It is contended by the appellee's counsel that the act of 1885 enlarged the right of his client, and extended the assessment to one hundred and fifty feet of ground. Acts of 1885, p. 207. We can not concur in this view. Without enquiring or deciding whether the Legislature has power to enlarge the lien of a contractor, by changing the quantity of land upon which it fastens from fifty to one hundred and fifty feet, we hold that the act of 1885 does not assume to do

this in a case like the present, where the contract has been fully completed and the land bought in at a sale upon a precept prior to the passage of the act. If the power exists at all, it can not be deemed to have been exercised, for there are no words justifying that inference. The words of the act refer not to estimates or assessments previously made, but to such as may be made after its adoption. It declares that the cost of the improvements " shall be estimated according to the length of the whole street or alley;" and this language can not apply to a case where, as here, the estimate was made and enforced by sale on a precept prior to the enactment of the statute. We can not, in such a case as this, omit the consideration of the important rule that statutes will not be given a retrospective operation unless the language employed imperatively requires it. Courts will not give a statute a retroactive effect, so as to change existing rights, unless the language employed is such as to compel them to that course. It requires, many of the cases declare, " express declarations," " positive expressions," or " direct expressions," to secure for a statute a retrospective operation. *Hickson* v. *Darlow,* 52 L. J. Ch. 453; *Bedford* v. *Shilling,* 4 Sergt. & R. 401, 408; *Lefever* v. *Witmer,* 10 Pa. St. 505; *Henderson* v. *State, ex rel.,* 96 Ind. 437, and cases cited; *Stilz* v. *City of Indianapolis,* 81 Ind. 582; *McGovern* v. *Connell,* 43 N. J. L. 106; *Charless* v. *Lamberson,* 1 Iowa, 435. We do not decide, however, that where the intention is clear, although not expressed in direct and positive language, a statute may not, where no existing rights are disturbed, be given a retroactive effect. *Connecticut, etc., Ins. Co.* v. *Talbot,* 113 Ind. 373. We do, nevertheless, decide that unless the intention clearly and strongly appears, and is manifested in appropriate words, a statute will always be given a construction that will make it operate prospectively, where to do otherwise would materially change existing rights.

We have not considered the question of the effect of the appellee's purchase at the sale upon the precept, although we

are inclined to the opinion that he had no right to repudiate a sale made at his own instance and bring an action to enforce the assessment. It seems to us that as long as the sale stands without attack, he can not, of his own motion, disregard it and institute an independent action. If a stranger had bid at the sale, we think the appellee might have enforced the bid. *Mitchell* ·v. *Weaver, ante,* p. 55. But this question we do not decide, for the answers of the appellants concede that the appellee is entitled to a lien upon fifty feet of ground.

Judgment reversed, with instructions to the trial court to restate conclusions of law, and to enter a judgment ordering the sale of fifty feet of the land to satisfy the assessment in favor of the appellee. ·

BERKSHIRE, J., did not take any part in the decision of this case.

Filed April 17, 1889.