## KEPLER v. RINEHART.

[No. 20,343.    Filed April 19, 1904.]

APPEAL.—*Statutes Governing.*—*Retrospective Operation.*—As a general rule, the right of appeal is governed by the law applicable thereto in force when the final judgment is rendered, and, unless it is evident from the terms of the statute which gives, modifies, or takes away the right of appeal that it was intended to have a retrospective effect, it has no application to causes in which final judgment was rendered prior to the time such act took effect.  *p. 505.*

SAME.—*Statutes Governing.*—*Act of 1903.*—*Prospective Operation.*—The act of March 4, 1903 (Acts 1903, p. 280), providing that "no appeal shall hereafter be taken to the Supreme or Appellate Court in any civil case when the amount in controversy exclusive of interest and cost does not exceed $50, except as provided in section 8 [§1337h Burns 1901] of this act" is prospective only, and does not make any case appealable in which final judgment was rendered before it took effect, if not appealable for any purpose at the time final judgment was rendered.  *p. 506.*

From Wayne Circuit Court; *H. C. Fox*, Judge.

Action by Frank W. Rinehart against George T. Kepler. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Appeal dismissed.*

*L. E. Kepler*, for appellant.

*D. W. Mason*, for appellee.

Monks, J.—This action was commenced before a justice of the peace, and appealed to the court below, where a trial resulted in a judgment for $100 in favor of appellee on November 10, 1902.

Appellee insists that said cause was not appealable when said final judgment was rendered, and no right to appeal the same was given by the act of 1903 (Acts 1903, p. 280). Said cause being within the jurisdiction of a justice of the peace, was not, when final judgment was rendered in the court below, appealable for any purpose, except, under §1337h Burns 1901, to present the question of the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution. §§1337f-1337h Burns 1901, §§6-8, Acts 1901, p. 565. No such question was presented in said cause, and it was not appealable at the time final judgment was rendered.

This appeal was perfected on April 28, 1903, after the taking effect of the act approved March 4, 1903 (Acts 1903, p. 280), which provided that "no appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case when the amount in the controversy, exclusive of interest and cost, does not exceed $50, except as provided in section eight of this act." As a general rule, the right of appeal is governed by the law applicable thereto in force when the final judgment is rendered, and, unless it is evident from the terms of a statute which gives, modifies, or takes away the right of appeal that it was intended to have a retrospective effect, it has no application to causes in which final judgment was rendered prior to the time such act took effect. 2 Cyc. Law & Proc., 520, 521, and cases cited; *Carr* v. *Miner*, 40 Ill. 33; *Rivers* v. *Cole*, 38 Iowa 677; *City of Davenport* v. *Davenport, etc.*,

*R. Co.*, 37 Iowa 624; *Barrett* v. *Johnson*, 4 Kan. 327; *Owensboro, etc., R. Co.* v. *Barclay*, 102 Ky. 16, 43 S. W. 177; *White* v. *Blum*, 4 Neb. 555; *Ely* v. *Holton*, 15 N. Y. 595; *Rice* v. *Floyd*, 1 N. Y. 608; *Spaulding* v. *Kingsland*, 1 N. Y. 426; *Yarborough* v. *Deshazo*, 7 Gratt. (Va.) 374; *Pritchard* v. *Spencer*, 2 Ind. 486; *Rogers* v. *Rogers*, 137 Ind. 151; *Wilhite* v. *Hamrick*, 92 Ind. 594; *Maxwell* v. *Board, etc.*, 119 Ind. 20; *Aurora, etc., Turnpike Co.* v. *Holthouse*, 7 Ind. 59; *Pomeroy* v. *Beach*, 149 Ind. 511. Said act of 1903, under which this appeal was taken, in express words is prospective only, and can not be given a retrospective construction. It is clear, therefore, that said act of 1903 did not make any case appealable in which final judgment was rendered before it took effect, if not appealable for any purpose at the time said final judgment was rendered.

Appeal dismissed.