## SANSBERRY ET AL. v. HUGHES.

[No. 21,765.   Filed November 1, 1910.]

1. CONSTITUTIONAL LAW.—*Impairing Contracts.—Remedies.*—The
   obligation of a contract cannot be impaired by subsequent legis-
   lation, but the remedies for the enforcement thereof may be rea-
   sonably altered, though they cannot be wholly taken away.
   p. 640.

2. CONSTITUTIONAL LAW.—*Impairing Contracts.—Statute of Limi-
   tations.—Shortening Period of.*—The mere shortening of the pe-
   riod within which to begin an action for the enforcement of a
   contract does not impair its obligation, where a reasonable time
   is given within which an action may be commenced.   p. 640.

3. TAXATION.— *Sales.— Certificates.— Limitations.—* Prior   to   the
   taking effect of §10359 Burns 1908, Acts 1903 p. 230, §3, requiring
   the holder of a certificate at tax sales to secure his deed and
   record it within four years from the date of sale, or lose his lien
   for the amount paid, the lien of such purchaser was not barred
   for fifteen years.   p. 641.

4. TAXATION.—*Sales.—Liens.—Limitations.* — Where the plaintiff
   purchased land at a tax sale on February 12, 1900, and an act
   was passed in 1903 (Acts 1903 p. 230, §3, §10359 Burns 1908)
   providing for a forfeiture of the lien of such purchasers unless
   they secured and recorded deeds therefor within four years from
   the date of sale, and the plaintiff did not demand a tax deed
   until February 26, 1906, he thereby lost his lien for the amount
   paid.   p. 642.

5. CONSTITUTIONAL LAW.—*Statutes.—Titles.—Taxation.—Liens of
   Tax Certificates.—Limitations.*—The title of the act of 1903 (Acts
   1903 p. 230) reading: "An act concerning taxation and authoriz-
   ing the sale of lands for delinquent taxes under specified condi-
   tions," is broad enough to cover a provision in the statute that
   the lien of a present or future certificate holder who does not
   secure and record a deed for the land purchased within four
   years from the date of sale, shall be forfeited.   p. 642.

From Madison Circuit Court; *John F. McClure*, Judge.

Suit by John M. Hughes against James W. Sansberry
and others.   From a decree for plaintiff, defendant appeals.
*Affirmed.*

*Kittinger & Diven*, for appellants.
*James A. May* and *Gavin & Davis*, for appellee.

HADLEY, J.—Suit by appellee to quiet his title to the lands described in the complaint. The pleadings set up the following facts: On February 12, 1900, the land in question was sold by the treasurer of Madison county for delinquent taxes. There was no redemption from the sale. Appellant Sansberry acquired the certificate of sale by proper assignment and held it without making any return thereof to the auditor, and without making any demand, or receiving any deed thereon until February 26, 1906. These facts present the only question involved in this appeal, namely: Was said appellant's right to a deed, six years after the sale, barred by limitation? Three years after the sale of the land, to wit, on March 9, 1903, an act was approved containing the following provision:

"In all cases where lands have been or may hereafter be sold for delinquent taxes, penalty, interest and costs and a certificate of purchase has been or may hereafter be issued, as is now provided by law, it is hereby made the duty of such purchaser, his heirs or assigns, to cause a deed to be executed and placed on record in the proper county within four years from the date of said sale: provided, that on failure of said purchaser, his heirs or assigns so to do, then and in that case the amount due such purchaser shall cease to be a lien on said lands so purchased as herein provided and as is now provided by law." §10359 Burns 1908, Acts 1903 p. 230, §3.

Appellant Sansberry urges that his case does not come within the statute, because at the time of the sale there was no such statute, and no limitation to his right to a deed upon failure of the owner to redeem, his insistence being that the certificate of purchase vested in him the right to the perpetual lien of the State until the tax was actually paid by the debtor, and which lien was transferred to him by the State with all the rights incident thereto under the law as it existed at the time of the transfer. In other words, he claims that an abridgement of his

time for taking out a deed upon his certificate of purchase was an impairment of his contractual rights in violation of the state and federal Constitutions.

Said appellant does not make the proper distinction between rights and remedies. In respect to substantive rights, conferred by law, or acquired by contract, there is no

1. doubt of constitutional protection without modification or change. It is otherwise with a mere remedy. A remedy is nothing more than the means provided by law for the enforcement of rights, and is not of itself a right, except that when there exists but a single remedy for the enforcement of a vested right, such remedy cannot be wholly taken away, without providing some other reasonably convenient and efficient means of enforcement, without violating the Constitution, since a withdrawal of all legal means for the enforcement of a right is equivalent to a subversion of the right itself. But as pertaining to a mere remedy, there exists no doubt of legislative power to make such changes therein as to it seems fit, if in so doing it preserves or provides a reasonable means and opportunity for full enjoyment of the right. *Pritchard* v. *Spencer* (1851), 2 Ind. *486; *Dale* v. *Frisbie* (1877), 59 Ind. 530; *Flinn* v. *Parsons* (1878), 60 Ind. 573, 576; *Smith* v. *Bryan* (1881), 74 Ind. 515; *Board, etc.*, v. *Center Tp.* (1896), 143 Ind. 391, 403; *Kepler* v. *Rinehart* (1904), 162 Ind. 504; Cooley, Const. Lim. (6th ed.) 346.

A statute of limitations is peculiarly within the operation of the rule, since it cannot, in any ordinary sense, be

said to impair the obligation of a contract. Hence,

2. it is firmly settled that the statute in force at the time suit is brought must govern, even though it shortens or lengthens the limitation for enforcement of the contract. *Webb* v. *Moore* (1865), 25 Ind. 4; *Jones* v. *Hopkins* (1866), 26 Ind. 450; *Dowell* v. *Talbot Paving Co.* (1894), 138 Ind. 675, 688; *State, ex rel.*, v. *Swope* (1855),

7 Ind. 91. In the first two cases just cited it was held that where school fund mortgages were taken out under a statute requiring the auditor to give sixty days' notice of sales for the nonpayment of interest, or principal, it was competent for the legislature subsequently to change or shorten the length of notice to twenty-one days, in lieu of sixty days, this court affirming, as a basis for the ruling, that it is well settled that an act of the legislature giving a more efficient or speedier remedy for the enforcement of a contract did not impair any contractual obligation or affect any vested right. That which courts look to in the application of the limitation statute, in force at the time suit is brought, is not whether the statute will be prospective or retrospective in operation, but, whether the complaining party had a reasonable time, after the taking effect of the present statute, in which to enforce his right. *Pritchard* v. *Spencer, supra; Dale* v. *Frisbie, supra; Smith* v. *Bryan, supra.*

Prior to the act of 1903, *supra,* it had been held by this court that the lien acquired upon real estate by a purchase at a tax sale was barred, if not asserted within fifteen years after the purchaser became entitled to a deed. *Montgomery* v. *Aydelotte* (1884), 95 Ind. 144. The legislature, recognizing the vice and frequent hardship resulting from careless and immoderate delays in disclosing tax liens, by the act of 1903, *supra,* provided that a party claiming a lien from a delinquent tax sale must not only present his certificate of purchase, and take out a deed, but must also have the deed recorded in the proper county within four years from the date of said sale, or forfeit his lien. The enactment reflects the legislative judgment, that fifteen years is an unreasonable time for a party to play hide and seek with a lien upon his neighbor's title, to the probable embarrassment and injury of the owner.

The record shows that appellant had about one year after the taking effect of said act of 1903 in which to take out

State, ex rel., *v.* Long—174 Ind. 642.

and record his deed. This time was abundantly reasonable, and having failed to act, or show excuse for not acting, his right must be held to come within the operation of the statute.

The title of the act in question is as follows: "An act concerning taxation and authorizing the sale of lands for delinquent taxes under specified conditions." Appellant claims that the title of the act is insufficient, under article 4, §19, of the state Constitution, for failure to make mention of the holding of tax certificates. We are unable to agree with him on this point. It has been many times held by this court that it is not necessary that all matters properly connected with the subject-matter of an act shall be expressed in the title. If the title covers the general subject, it need not mention in detail the matters that are germane to the subject. *State* v. *Bailey* (1901), 157 Ind. 324, 59 L. R. A. 435; *Isenhour* v. *State* (1901), 157 Ind. 517, 87 Am. St. 228; *Parks* v. *State* (1902), 159 Ind. 211, 59 L. R. A. 190; *Republic Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 62 L. R. A. 136; *Baltimore, etc., R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228. We think the title was sufficient. We find no error.

Judgment affirmed.