ALLEN *v.* DOVELL ET UX.

[No. 175, October Term, 1948.]

*Decided June 9, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON AND MARKELL, JJ.

Submitted on brief by *W. Carroll Beatty,* for appellant.

Submitted on brief by *Albert R. Hassall,* for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This suit in equity was brought by Clara Allen, a resident of the City of Washington, against Ernest P. Dovell and wife to annul a tax deed executed by the Treasurer of Prince George's County conveying to Dovell a parcel of land situated between Glen Arden and Ardmore.

Complainant alleged that she acquired title to the land in 1930, and that she paid the taxes levied upon it until 1933, when her husband died and she became ill and

was confined in a hospital and was unable to pay her taxes, and thereupon Thomas N. Magruder, Treasurer of Prince George's County, advertised the property for sale for nonpayment of the 1933 tax. The advertisement of sale contained the following description: "Allen, Clara—5.2 acres, Liber 354, Folio 195, taxes, interest, penalty and costs, $10.39." The property was sold on March 5, 1934, to the County Commissioners of Prince George's County for $10.39. It was subsequently advertised for sale for the County Commissioners, and was sold on September 14, 1936, to Dovell for $40.93. The New County Treasurer, R. Ernest Smith, executed a deed for the property on June 7, 1937, and delivered it to the purchaser.

Complainant further alleged that the property was assessed at the time of sale for $525, and that its estimated market value was between $1,200 and $1,500; but, because of insufficient description of the property in the advertisement of sale, prospective purchasers were not interested and would not offer a fair price, and she was deprived of her property without just compensation. Dovell erected a dwelling upon the property, where he is now residing, but complainant says she is willing to make any adjustment necessary to reimburse him for the money he has invested in the property.

Complainant prayed (1) that the tax deed be declared null and void; (2) that a trustee be appointed to collect the rents from the property; (3) that complainant be permitted to reimburse the purchaser for the taxes, interest, penalties and costs accrued against the property, subject to an accounting of the investment in and income from the property; (4) that an accounting be made of the investment by the purchaser, and (5) that a trustee be appointed to convey to complainant any right, title or interest the purchaser and his wife may have acquired in the property.

Defendants filed a combined demurrer and answer to the bill of complaint. The chancellor, after testimony was taken, dismissed the bill, holding that the suit was

barred by the statute of limitations. From the decree dismissing the bill complainant brought this appeal.

It is undisputed that the property was first sold in 1934 to the County Commissioners, and then for them in 1936. The question before the Court is whether complainant's suit, which was not instituted until 1945, was barred by the Prince George's County statute of limitations. This Act, which took effect June 1, 1937, provides: "All actions at any time hereafter to be brought for any lands heretofore sold for any taxes or special assessments, whether the same are levied by the County Commissioners of Prince George's County or by any other municipal or governmental agency having authority to levy taxes or assessments for any territory within the limits of Prince George's County wherein any person now has any title or cause to have or pursue such action, shall be taken within three (3) years after the passage of this Act, provided such right of action is not now or will not then be barred by the now existing Statute of Limitations; and after three (3) years after the passage of this Act no person or any of his heirs, devisees or assignees shall have or maintain any action for any land so sold. All actions for any land hereafter so sold shall be taken within seven (7) years after the date of sale to the purchaser and at no time after seven (7) years * * *." Laws of 1937, ch. 275, sec. 359A; Code P. L. L. of Prince George's County, 1943 Ed., sec. 459.

*First.* Complainant contends that the Act of 1937 violates the due process clause of the Fourteenth Amendment of the Constitution of the United States. We find no merit in this contention. The wisdom of statutes of limitations as statutes of repose is now fully appreciated in our jurisprudence. It is thoroughly understood that a statute of limitations, which does not destroy a substantial right, but simply affects remedy, does not destroy or impair vested rights. *Kelch v. Keehn,* 183 Md. 140, 144, 36 A. 2d 544. It is true that the Legislature cannot cut off all remedy and deprive a party of his right

of action by enacting a statute of limitations applicable to an existing cause of action in such a way as to preclude any opportunity to bring suit. However, the Legislature has the power to amend a statute of limitations either by extending or reducing the period of limitations, so as to regulate the time within which suits may be brought, provided that the new law allows a reasonable time after its enactment for the assertion of an existing right or the enforcement of an existing obligation. *Safe Deposit & Trust Co. of Baltimore v. Marburg,* 110 Md. 410, 72 A. 839; *Steele v. Gann,* 197 Ark. 480, 123 S. W. 2d 520, 120 A. L. R. 754; *Atchafalaya Land Co. v. F. B. Williams Cypress Co.,* 258 U. S. 190, 42 S. Ct. 284, 66 L. Ed. 559. In applying this doctrine in *Terry v. Anderson,* 95 U. S. 628, 24 L. Ed. 365, 366, Chief Justice Waite said: "In all such cases, the question is one of reasonableness, and we have, therefore, only to consider whether the time allowed in this statute is under all the circumstances, reasonable. Of that the Legislature is primarily the judge; and we cannot overrule the decision of that department of the government, unless a palpable error has been committed. In judging of that, we must place ourselves in the position of the legislators, and must measure the time of limitation in the midst of the circumstances which surrounded them, as nearly as possible; for what is reasonable in a particular case depends upon its particular facts." In the instant case it is obvious that complainant was not denied due process of law, as she had three years after the statute of limitations took effect June 1, 1937, in which to challenge the title of the purchaser.

*Second.* Complainant contends that the 1937 Act violates the equal protection clause of the Fourteenth Amendment. She complains because a person whose property may have been sold just before the Act took effect would have only three years in which to enter suit to set aside the deed, whereas a person whose property is sold after June 1, 1937, would have seven years to enter suit. In *Cathey v. Weaver,* 111 Tex. 515, 242 S. W.

447, 454, the Supreme Court of Texas held that where there is no logical reason for the division of creditors into classes, a statute arbitrarily prescribing the time when their claims are barred is a denial of equal protection of the law. It is true that such a statute would be discriminatory if the classification were not based upon any reasonable ground or some difference which bore a just and proper relation to the object sought to be accomplished. But the purpose of the Legislature of Maryland was clear and understandable in making a distinction between actions brought for property sold prior to June 1, 1937, and actions for property sold subsequently thereto. It was to prevent the uncertainty which has arisen so often in the past over the question whether the Legislature intended the statute to apply to past actions as well as to actions arising in the future. Sometimes the courts have recognized two limitation periods, one under a new statute and the other under the preexisting statute. This construction received the approval of the United States Supreme Court in the opinion written by Justice Wayne in *Patterson v. Gaines*, 6 How. 550, 601, 602, 12 L. Ed. 553, 574. Manifestly, if different limitation periods in different statutes can be sustained without denying equal protection of the law, there is no reason why different limitation periods in the same statute cannot be sustained as a valid exercise of legislative power.

*Third.* Complainant contends that the tax sales were void because of insufficiency of the description of her property in the advertisements of the sales, and therefore the statute of limitations could not be pleaded by defendants as a bar to her action. The Prince George's County statute of limitations contains no exception that supports such a contention. We think the statute bars complainant from bringing this suit against the purchaser in possession. We take this occasion to observe that this is an equity proceeding brought by a party out of possession, and if the point of lack of jurisdiction had been raised and considered in the Court below we would

have had no hesitation in dismissing the suit on that ground. *Karger v. Stead,* 192 Md. 230, 64 A. 2d 155. See *Wells v. Price,* 183 Md. 443, 450, 451, 37 A. 2d 888; *Punte v. Taylor,* 189 Md. 102, 53 A. 2d 773.

As complainant did not institute her suit within three years after the statute of limitations took effect, and she was accordingly barred from relief by the statute, the decree of the chancellor dismissing her bill of complaint will be affirmed.

*Decree affirmed, with costs.*