KNOY *v.* INDIANA REAL ESTATE COMMISSION ET AL.

[No. 29,604. Filed April 30, 1959.]

*Dobbins, King & Cline,* of Columbus, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Francis M. Hughes,* Deputy Attorneys General, for appellee.

LANDIS, C. J.—Appellant is here on an appeal from a final judgment of the Bartholomew Circuit Court affirming an order of the appellee Indiana Real Estate Commission which had suspended appellant's real estate salesman's license for a period of 120 days. The proceedings taken below before the Indiana Real Estate Commission grew out of appellant's alleged violation of the Indiana real estate broker's and salesman's licensing act.[1]

Appellant contends among other things that the decision of the court below was contrary to law in affirming the decision of the Indiana Real Estate Commission as such Commission did not follow the Administrative Adjudication and Court Review Act[2] governing the proceedings before the Commission.

The pertinent provisions of such act are as follows:

". . . In the event of such hearing before a member, agent or representative it shall be conducted in the same manner provided for a hearing before the agency except that instead of making an order or determination the said member, agent or representative shall make a recommendation as to the order or determination. After said recommendation is made said member, agent or representative shall present to and file with the agency the complete record of the proceedings before him, other than the transcript of the oral testimony, together with his recommended order or determination *and notice of such filing shall be given all persons who were parties to the hearing. Any interested and affected person may, within ten [10] days there after, or within such additional time as may be granted by the agency, file with said agency his objections to the entry of such order.* If any such objections are filed the agency shall set the same for hearing. Such hearing shall be on the record so

---

1. Acts of 1959, ch. 44, §§15 *et seq.*, p. 129, being Burns' §63-2415 *et seq.* (1951 Replacement).
2. Acts of 1947, ch. 365, §§1-30, p. 1451, being Burns' §63-3001 to §63-3030 (1951 Replacement).

filed with it. The agency may hear additional evidence or refer it back to the hearing member or agent to hear additional evidence. . . ." Acts of 1947, ch. 365, §12, p. 1451, being Burns' Statutes §63-3012 (1951 Replacement). (Emphasis Added.)

In the case before us, it appears that after the original hearing before the three members of the Commission the record of the proceedings and their recommendation were filed with the full Commission. Notice was given to appellant who filed written objections to the same. Appellant appeared in person and by counsel, and the full Commission after a hearing sent the matter back to the hearing members for additional evidence. Notice of the rehearing before the hearing members was given to appellant, and appellant appeared at such rehearing on February 6, 1957. Thereafter the record was filed by the hearing members before the full Commission without any notice to appellant or an opportunity to file objections. The full Commission at such time made their final determination and order without previous notice to him and in the absence of his appearance.

Appellant contends the failure to give appellant notice of the filing of the record with the full Commission after the rehearing of evidence by the hearing members was contrary to the Administrative Adjudication & Court Review Act, above set forth. We believe a reasonable construction of the statute required the giving of notice as contended by appellant.

The provisions of the statute with regard to notice are set forth in §12 of the Act which is in part as follows:

". . . After said recommendation is made said member . . . shall present . . . and file with the

agency the complete record of the proceedings before him, . . . together with his recommended order or determination and notice . . . shall be given all persons who were parties to the hearing. Any interested and affected person may, within ten [10] days thereafter, . . . file . . . objections . . ." Burns' §63-3012, being Acts 1947, *supra*.

The statute unquestionably intended to give interested persons an opportunity to have their day in court before the Commission prior to its deciding the case. This is as essential on a second hearing before the full Commission (after referring the case back to the hearing member or members) as it was on the first hearing when the statute specifically required that ". . . notice . . . shall be given . . .". We cannot properly limit the general language of the statute providing for notice of filing the record before the full board so as to apply to cases of the first filing of the record only. To do so would not only be an extremely narrow construction of the statute but would deprive the interested party in this case of his day in court before the only administrative body possessing the authority to decide his case. The hearing members obviously do not perform that function. If appellant had a right at any time to appear and file his objections before the full Commission (and such right must be accorded under due process) he unquestionably possessed such right after the hearing members had taken additional evidence and resubmitted the record to the full Commission for final determination. For otherwise his appearance before the Commission would be confined to a preliminary or incomplete hearing at which no final action was taken. And he could be deprived of his right to appear in any case by the full Commission simply taking the action of remanding the cause to the hearing members, who could then re-

submit it to the full Commission without his knowledge or an opportunity to object. This would be a monstrous absurdity and would invite miscarriages of justice.

The law is well settled that we should construe a statute, if there is doubt as to its meaning, in favor of an interpretation which accords due process to the parties rather than to adopt a construction which denies due process and invalidates the statute. *The Cemetery Co.* v. *Warren Sch. Twp. et al.* (1957), 236 Ind. 171, 178, 139 N. E. 2d 538, 541; *Wright-Bachman, Inc.* v. *Hodnett et al.* (1956), 235 Ind. 307, 316, 133 N. E. 2d 713, 717; 5 West's Indiana Law Ency. "Constitutional Law," §38, p. 309.

We are accordingly impelled to hold that the determination by the full Commission without notice to appellant was not in accordance with the intent of the statute and was contrary to law.

In view of the result we have reached it is unnecessary to consider the other contentions asserted by appellant on this appeal.

The judgment of the trial court is reversed with directions to set aside the determination of the Commission and to remand said cause to the Commission for further proceedings.

Arterburn, Jackson and Bobbitt, JJ., concur.

Achor, J., concurs in result.

NOTE.—Reported in 157 N. E. 2d 825.