GUTHRIE, A MINOR, BY T. K. GUTHRIE, NEXT FRIEND
*v.* WILSON.

[No. 29,863.  Filed November 10, 1959.  Rehearing denied
December 22, 1959.]

*F. Wendell Lensing,* of Evansville, and *Leroux & Weber,* of Cincinnati, Ohio, for appellant.

*Ortmeyer, Bamberger, Ortmeyer & Foreman, Howard C. Sandusky,* both of Evansville, and *Stump & Emswiller,* of Indianapolis, for appellee.

LANDIS, J.—This was a minor's suit by next friend, for damages for medical malpractice. Appellee-defendant filed demurrer for insufficient facts, setting up in the memorandum the running of the two year statute of limitations for malpractice. Acts of 1941, ch. 116, §1, p. 328, being Burns' §2-627 (1946 Replacement). The lower court sustained the demurrer and from the judgment rendered thereon appeal was taken to the Appellate Court, whose opinion appears in 149 N. E. 2d 841. The case is before us on petition to transfer.

Appellant's compaint for malpractice filed November 12, 1954, alleges that in August of 1937, when appellant was less than a year old, appellee was consulted professionally for the purpose of treating a small growth appearing at the top of appellant's right ear; that said growth was diagnosed by appellee as a blood tumor, and that appellee attempted to remove the same by radium treatment, but that appellee was negligent in the treatment of appellant in the following particulars: he applied an excessive quantity of radium, the radium

was applied for unreasonable and excessive lengths of time, the applications of radium to the ear were at too frequent intervals to avoid damage to the tissues thereof. That in August, 1946, a five-stage plastic surgery operation (grafting of flesh from appellant's chest to his ear) was started which was completed in October of 1947; that as a result of said negligent practices appellant suffered continuous pain, inconvenience, and disfigurement for approximately 17 years, wherefore asks damages, etc.

Appellee's demurrer which was sustained was based on the running of the following statute of limitations, viz.:

"No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two [2] years from the date of the act, omission or neglect complained of." Acts 1941, ch. 116, §1, p. 328, being Burns' §2-627 (1946 Replacement).

Appellant, however, states that at the time this cause of action accrued the following portion of the general statute of limitations, Acts 1881 (Special Session), ch. 38, §42, p. 240, being Burns' §2-605 (1946 Replacement), was in full force and effect and provided as follows:

"Any person being under legal disabilities when the cause of action accrues may bring his action within two [2] years after the disability is removed."

The instant case illustrates the difficulty presented by attempting to raise the question of the statute of limitations by demurrer. The complaint alleges the date

when appellee-defendant was first consulted profession-
ally but does not allege when he was last consulted or
treated by appellant. Yet the lower court sustained
the demurrer on the theory the complaint *on its face* did
not allege sufficient facts to constitute a cause of action
against appellee-defendant. In the recent case of *Guy*
v. *Schuldt et al.* (1956), 236 Ind. 101, 104, 138 N. E. 2d
891, 893, this Court stated:

> "As a general rule a statute of limitations must
> be pleaded and treated as a defense and is not avail-
> able by way of demurrer. Were the rule oth-
> erwise it would compel the plaintiff to antici-
> ,pate and seek to avoid in his complaint a
> possible answer thereto. Anticipatory pleading is
> not encouraged since it tends to complicate the de-
> fining of the issues. Where there are exceptions to
> the statute of limitations, the fact that the com-
> plaint does not show affirmatively that the action is
> within such exceptions does not make the complaint
> fatally defective, and, therefore, subject to a de-
> murrer under such statute. If the statute of limi-
> tations is pleaded in an answer the plaintiff may
> then by reply set up the exception."

Appellant contends among other things that this case
is governed by the 1881 statute, *supra,* and not by the
1941 statute, *supra,* and that for the 1941 act to apply
to a cause of action which has already accrued, the 1941
act must be given a retroactive effect, which he contends
in this case is contrary to law.

The decision of *Burd* v. *McCullough,* 7 Cir. (1954),
217 F. 2d 159, holding the 1941 act not subject to the
exception of the 1881 act tolling the statute until two
years after majority, did not involve the retroactive
application of the 1941 statute, and is therefore not
helpful on this point.

Neither did the case of *Guy* v. *Schuldt et al., supra,*
involve the retroactive application of the 1941 statute.

It is true this Court did there state the 1941 act was not subject to the exceptions contained in the 1881 act, but it should be noted the Court's actual holding in such case recognized an exception to the 1941 statute of limitations on equitable principles. We specifically held in that case that the 1941 act which stated "No action of any kind for damages . . . shall be brought" could not bar a malpractice action based on a negligent act occurring more than two years prior thereto, where there was in equity a fraudulent concealment of the cause of action.

Appellee concedes that there is authority among the decisions of this state that as a general proposition statutes are to be construed prospectively rather than retrospectively, unless a contrary intent is manifested in clear and unambiguous terms.[1] It has further been stated that the courts do not look with favor upon the retroactive application of statutes which would impair vested rights or violate some constitutional guaranty. See: *Niklaus et al.* v. *Conkling* (1889), 118 Ind. 289, 20 N. E. 797; *The Connecticut Mutual Life Insurance Company* v. *Talbot et al.* (1887), 113 Ind. 373, 14 N. E. 586. We recognize, it is true that statutes of limitation generally are not considered to be substantive in nature but rather only serve to affect the remedy. The Court stated in the well considered and often cited case of *Sansberry* v. *Hughes* (1910), 174 Ind. 638, 640, 92 N. E. 783, 784, as follows:

"In respect to substantive rights, conferred by law, or acquired by contract, there is no doubt of constitutional protection without modification or change. It is otherwise with a mere remedy. A remedy is nothing more than the

1. *Schock et al.* v. *Chappell* (1952), 231 Ind. 480, 486, 109 N. E. 2d 423, and cases therein cited. Sutherland Statutory Construction 3d ed., §§1936 and 3501.

means provided by law for the enforcement of rights, and is not of itself a right, except that when there exists but a single remedy for the enforcement of a vested right, such remedy cannot be wholly taken away, without providing some other reasonably convenient and efficient means of enforcement, without violating the Constitution, since a withdrawal of all legal means for the enforcement of a right is equivalent to a subversion of the right itself. But as pertaining to a mere remedy, there exists no doubt of legislative power to make such changes therein as to it seems fit, if in so doing it preserves or provides a reasonable means and opportunity for full enjoyment of the right. *Pritchard* v. *Spencer* (1851), 2 Ind. 486; *Board, etc.* v. *Center Tp.* (1896), 143 Ind. 391, 403, 42 N. E. 808; *Kepler* v. *Rinehart* (1904), 162 Ind. 504, 70 N. E. 806; Cooley, Const. Lim. (6th ed.) 346."

The court further stated on p. 641 of 174 Ind., and p. 784 of 92 N. E.:

". . . That which courts look to in the application of the limitation statute, in force at the time suit is brought, is . . . whether the complaining party had a reasonable time, after the taking effect of the present statute, in which to enforce his right. *Pritchard* v. *Spencer, supra; Dale* v. *Frisbie, supra,* 59 Ind. 532; *Smith* v. *Bryan, supra,* 74 Ind. 515."

In the case at bar, did appellant minor have a reasonable time *after the taking effect* of the 1941 statute (limiting the bringing of suit to two years after the act or neglect complained of in the year 1937) to enforce his rights? The statute of 1941 provides:

"This act *shall take effect* and be in force ninety days from and after its passage." (Our emphasis.)

This statute did not have any saving clause and plainly did not give appellant minor any time whatever after the taking effect of the act within which to

bring this action, and as the act or neglect complained of by appellant in this case occurred at least two years prior to 1941, the statute applied retroactively would immediately bar appellant's accrued cause of action not yet filed upon the act's taking effect.

The constitutional prohibitions against the taking of property without due process of law forbid the legislature from taking away a vested right, and similarly forbid any legislative attempt to take away immediately and completely all legal means for the enforcement of said right, as that would amount to a subversion of the right itself.

It is the duty of this court to construe a statute, if there is doubt as to its meaning or import, in favor of an interpretation which accords due process to the parties rather than to adopt a construction which denies due process and invalidates the statute. *Knoy* v. *Ind. Real Est. Comm.* (1959), 239 Ind. 379, 157 N. E. 2d 825, 828, and cases therein cited; 5 West's Ind. Law Encyclopedia, "Constitutional Law," §38, pp. 309-313.

We conclude the 1941 statute of limitations could not within constitutional bounds be applied retroactively so as to bar appellant's cause of action.

The transfer of this cause from the Appellate Court is now granted and the judgment of the trial court is reversed with directions to overrule the demurrer to the complaint and for further proceedings in accordance with this opinion.

Achor, C. J., and Arterburn, J., concur.

Jackson, J., concurs in result.

Bobbitt, J., dissents with opinion; Jackson, J., concurs in paragraph 5 of dissent.

## DISSENTING OPINION

BOBBITT, J.—I concur in the granting of the petition to transfer but dissent from the majority opinion for the following reasons:

1. It seems to me that the majority opinion in the present case squarely contravenes the holding of the majority in the case of *Guy* v. *Schuldt, et al.* (1956), 236 Ind. 101, 138 N. E. 2d 891. In construing §1, of ch. 116 of the Acts of 1941, which is the identical section here in question, the majority opinion, at page 105 of 236 Ind., states:

> "The question is, therefore, are there any exceptions to the particular statute of limitations for malpractice actions set forth above? We do not believe the Acts of 1881 passed nearly fifty years prior to the 1941 statute of limitations on malpractice can be considered an exception thereto. The latter act is a special act, and is absolute in its language. It is clear and unambiguous. It seems to us the Legislature would have stated it was subject to the exceptions listed in the Acts of 1881 if it had so intended. *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. 2d 568; *Allen* v. *Dovell* (1948), 193 Md. 359, 66 A. 2d 795."

In *Guy* v. *Schuldt, et al., supra,* this court, following *Burd* v. *McCullough,* 7 Cir., 1954, 217 F. 2d 159, held that there were no exceptions to Acts 1941, ch. 116, §1, p. 328, being §2-627, Burns' 1946 Replacement. This being true, §2-627, *supra,* then supersedes the statute[1] pertaining to minors and applies to all actions of any kind whether the right of action arose before or after the enactment of §2-627, *supra.*

2. The Circuit Court of Appeals, 7 Cir., in *Burd* v. *McCullough, supra,* in considering the effect of the 1941

---

1. Acts 1881 (Spec. Sess.), ch. 38, §42, p. 240, being §2-605, Burns' 1946 Replacement.

limitation statute, held that such statute was not subject to an exception in favor of a minor as provided in the 1881 Act. That is the exact question here presented, and I see no reason for going contrary to the well-reasoned opinion of the Circuit Court of Appeals particularly since we have so recently sustained the principle enunciated in that decision in *Guy* v. *Schuldt, et al., supra.*

3.   This court has repeatedly held that an exception on behalf of minors to statutes of limitations cannot be implied in the absence of an expressed provision therefor. The effect of the majority opinion in the present case is to create such an exception. See: *DeMoss and Others* v. *Newton and Another* (1869), 31 Ind. 219, 222; *Waugh et al.* v. *Riley et al.* (1879), 68 Ind. 482; *Evansville, etc. Co. et al.* v. *Winsor, by next friend* (1897), 148 Ind. 682, 689-690, 48 N. E. 592.

4.   There is no fraudulent concealment of the alleged act of malpractice upon which the present case is based, and the exception engrafted onto the 1941 Act[2] by the majority opinion in *Guy* v. *Schuldt, et al., supra* (1956), 236 Ind. 101, 138 N. E. 2d 891, is not applicable here.

5.   In *Guy* v. *Schuldt, et al., supra* (1956), 236 Ind. 101, 104, 138 N. E. 2d 891, it is said:

> "As a general rule a statute of limitations must be pleaded and treated as a defense and is not available by way of demurrer."

However, I think the complaint in the present case furnishes an exception to the above rule for the reason that Acts 1911, ch. 157, §2, p. 415, being §2-1007, Burns' 1946 Replacement, provides that the defendant may demur to a complaint when it appears upon the face

---

2.   Acts 1941, ch. 116, §1, p. 328, being §2-627, Burns' 1946 Replacement.

thereof (Fifth) that it does not state facts sufficient to constitute a cause of action. That is the situation here. I am also of the opinion that the limitation of the action herein was properly raised by a demurrer for the further reasons stated in the dissenting opinion in *Guy* v. *Schuldt, et al., supra* (1956), 236 Ind. 101, 114-115, 138 N. E. 2d 891, 898.

I would affirm the judgment of the trial court.

Jackson, J., concurs in paragraph 5 of this dissent.

NOTE.—Reported in 162 N. E. 2d 79.