RIGGS ET AL. *v.* HARTZELL, SHROYER, EXECUTOR, ETC.

[No. 18,685. Filed June 26, 1956.]

*Campbell, Livingston, Teeple & Dildine,* and *David R. Heaton,* of Fort Wayne, for appellants.

*Harry H. Hilgemann, Paul E. Congdon* and *Robert L. Kaag* (of counsel), of Fort Wayne, for appellee.

BOWEN, J.—The appellants filed a complaint to quiet title to some thirty-two lots against six defendants. The final judgment in this cause was rendered as to one defendant, one Lee J. Hartzell, who had since died, and this court has, upon the petition of decedent's executor, substituted such executor, Marion Shroyer, as appellee in this cause in lieu of said Lee J. Hartzell, deceased.

To the usual complaint for quiet title the appellee's decedent filed an answer and cross-complaint in five paragraphs, the first paragraph being an answer in the nature of denial, the second paragraph being a cross-complaint to quiet title in appellee's decedent, and the third a cross-complaint to quiet title based on a tax and auditor's redemption sale under the Acts of 1941.

The appellants answered separately to appellee's decedent's second and third paragraph by identical answers in two paragraphs, the first of which was a denial and the second that appellee's decedent claims title through a tax sale and a sale by the Board of Commissioners of the County of Allen, and that such sales were not effective to pass title because of a failure to comply with the statutes of Indiana pertaining thereto.

The fourth paragraph of answer pleaded the one-year statute of limitations, being Acts 1947, ch. 309, §2, p. 1258, §64-2203a, Burns' 1951 Replacement.

The appellants demurred to the amended fourth paragraph of answer, which pleaded the one-year statute of limitations, for insufficient facts to constitute a cause of action on the ground that the statute on which the answer is based was enacted after the execution of the deed to the county or other person and contains no provision for a reasonable time to enforce rights existing at the time of its enactment, and therefore such statute does not limit the time for filing this action. This demurrer was overruled by the trial court, the appellants refused to plead over, and judgment was entered for appellee's decedent as to this paragraph.

The fifth paragraph of answer pleaded estoppel based on allegations that the appellee's decedent caused water mains to be constructed, two houses and foundation for a third to be erected, streets to be improved, a septic tank to be installed, and the causing of such lots to be surveyed, and that the appellee's decedent had paid taxes and ditch assesments, spending in all in excess of $6,000.00, without any knowledge of appellants' claim, and that appellants knew taxes were unpaid and should have known that the lots might be sold for delinquent taxes but did not notify appellee's decedent of their claim.

The appellants demurred to the fifth paragraph of answer, which alleged estoppel, on the ground that such paragraph of answer did not state facts sufficient to constitute a cause of action, and that the facts alleged were insufficient to create an estoppel; that no notice was given to appellants of the sale of such real estate, or that appellants knew that expenditures and improvements were being made. The court overruled this demurrer, the appellants refused to plead further and judgment was rendered for appellee's decedent as to this paragraph.

The cause was submitted for trial on the issues thus joined. The evidence consisted of a stipulation by the parties. This stipulation set forth that the appellants were the owners of the lots in question when the tax sale was had, that the taxes were delinquent, that the lots were sold at tax sale, bid in by the Auditor for the county, and sold by the county, all of which took place after the effective date of the Acts of 1941 pertaining to such sales; that from the publication and posting of notice of tax sale the procedure was according to law. The deeds from the Auditor to the Commissioners dated July 25, 1946, and from the Commissioners to the purchaser dated September 20, 1946, are set forth in full, and it is stated that the purchaser duly conveyed the lots to appellee's decedent. Appellants then offered the testimony of the Auditor of Allen County and certain exhibits which the parties agreed in open court would show that the records of the Auditor of Allen County do not show that the delinquent tax list for the year 1942, being the year in which the real estate involved in this cause was offered for sale for delinquent taxes and bid in by the Auditor of Allen County, was certified and signed by the County Treasurer or the County Auditor. Appellee's decedent's objections to

such testimony and exhibits were based on the ground that such testimony and exhibits were irrelevant. The court sustained the objection. Thereafter the court entered judgment for appellee's decedent and decreed that the title to the lots in question be quieted in appellee's decedent.

The appellants filed their motion for a new trial on the grounds that the decision was not sustained by sufficient evidence and was contrary to law, and that the court erred in sustaining the objection of the defendant to the testimony of the Auditor of Allen County and the introduction into evidence of certain exhibits, and in overruling appellants' said offer to prove. The motion for a new trial was overruled, and this appeal followed.

The issues presented by appellants' assignments of error require our consideration of the validity of appellee's decedent's title to the real estate based upon a tax and auditor's redemption sale under the Acts of 1941, Ch. 224, §§1-8, pp. 714-720, and the applicability of the one-year statute of limitations, Acts of 1947, Ch. 309, §2, p. 1258, §64-2203a, p. 1169, Burns' 1951 Replacement, for the bringing of actions to contest the validity of tax titles in a suit after 1947, on such a sale prior to 1947.

The real estate in question was conveyed to Allen County by the County Auditor on the 25th day of July, 1946. On the 20th day of September, 1946, such county, by and through its Board of Commissioners, for a valuable consideration, conveyed the real estate to one Frankenstein, and on the 9th day of October said Frankenstein and wife conveyed such real estate for a valuable consideration to appellee's decedent. The statute prescribing the one-year limitation went into effect on March 13, 1947. This present suit was brought on

October 13, 1953, more than six years after the passage of the 1947 Act.

Appellants' demurrer for insufficient facts to the amended fourth paragraph of answer contained the following specification:

"The statute on which Amended Paragraph IV is based was enacted after the execution of the deed to the County or other person and contains no provision for a reasonable time to enforce rights existing at the time of its enactment. Therefore, the statute does not limit the time for filing this action."

In support of this specification the appellants cite the case of *Dale* v. *Frisbie* (1877), 59 Ind. 530, with the following quotation contained therein:

"It is doubtless within the power of the Legislature to enact a statute of limitations which will have a retrospective effect, when it is so expressed in the act; and the general rule is, that the statute in force at the time the action is commenced shall govern; but, when there is no proviso in the act saving rights of action accrued before its passage, they will not be barred by it until after a reasonable time has elapsed to allow the parties to bring their action thereon. This rule must be regarded as settled in this State."

There was no saving clause in the 1947 Act, and it is necessary for us to apply the rule announced therein, which appellants concede to be a well-developed principle of common law whereby plaintiff is allowed a reasonable time to bring his action after the passage of a subsequent statute of limitation, and that such action will not be barred until after such reasonable time has elapsed. However, appellants urge that appellee's decedent has not alleged and proved facts from which the court can determine what is a reasonable

time in the case at bar. It is clearly apparent from the undisputed facts in the record before us that the present action was not brought until the expiration of six years after the passage of the one-year statute of limitation. Therefore, appellants did not institute this action within a reasonable time after the passage of such act of limitation and the action is therefore barred. *Smith* v. *Bryan* (1881), 74 Ind. 515.

The lower court, therefore, did not err in overruling appellant's demurrer to the amended fourth paragraph of answer, and in overruling appellants' motion for a new trial.

By reason of the conclusion which we have reached herein, it is unnecessary to consider other specifications of error.

Judgment affirmed.

NOTE.—Reported in 135 N. E. 2d 527.